[Nashville, Chattanooga & St. Louis Ry. v. Moore.]

# Nashville, Chattanooga & St. Louis Ry. v. Moore.

*Action for Damages for Ejecting Passenger.*

(Decided June 30th, 1906.   41 So. Rep. 984.)

1.  *Appeals; Scope of Review; Assignments of Error.*—Whether the evidence was sufficient to sustain the verdict, on controverted questions of fact, cannot be reviewed, on appeal, in the absence of error assigned complaining of failure to grant a new trial.

2.  *Witnesses; Examination; Repetition.*—A witness having testified that the passengers were much annoyed by plaintiff's conduct, the defendant was not prejudiced by the refusal of the court to allow a repetition of the statement.

3.  *Carriers; Passengers; Ejection; Misconduct.*—Conductors have the right, under Section 3457 of the Code, to eject passengers for causes therein enumerated whether such conduct was, in fact, offensive to the other passengers or not.

4.  *Evidence; Declarations of Third Person; Res Gestae.*—The conductor being present, and having observed plaintiff's conduct at the time he was ejected, it was no part of the res gestae that passengers called on the conductor to remove plaintiff from the train, or as to their opinion concerning the same.

5.  *Appeal; Exclusion of Evidence; Prejudice.*—Evidence that plaintiff became more abusive than ever, but failing to give the words used, was properly excluded.

6.  *Carriers; Passengers; Ejection; Action; Instruction.*—A requested instruction, in an action for ejection of a passenger, asserting that the conductor is a police officer with a duty to keep order on the train and eject all persons who use obscene or abusive language in the presence and hearing of passengers, but omitting to qualify the force to be used by the conductor as provided by Section 3457 of the Code of 1896, is properly refused.

7.  *Same; Statutes.*—Section 4345, Criminal Code 1896, has no application in an action for ejection of a passenger because of his misconduct.

8.  *Same; Instructions.*—A charge asserting that if, at the time of plaintiff's alleged injury he was a passenger on defendant's

train on which M. was conductor; that plaintiff was disorderly in that he used profane language making it necessary for the conductor to eject him, and that plaintiff resisted and if plaintiff was injured because of his resistance he could not recoved, pretermits all inquiry as to the degree of force employed to overcome the resistance, and asserts as a fact that plaintiff's act made it necessary for the conductor to eject him and that his resistance was the cause of his injury, and in consequence was propely refused.

APPEAL from Marshall Circuit Court.

Heard before Hon. JAMES A. BILBRO.

This was an action brought by appellee against appellant for damages for being put off the train. The complaint contained but one count which alleges a wrongful ejection of the plaintiff by the conductor from one of defendant's cars onto the platform of said car, and from thence to the ground resulting in injuries to his person. The defendant then filed several pleas, all of which averred the disorderly conduct of the plaintiff, boisterous behavior and obscene language, and that in putting him off the conductor used no more force than was necessary. The case made by the evidence for the plaintiff was that he bought a ticket which entitled him to ride as a passenger on defendant's train; that he boarded said train, and that as he was trying to find a seat in the coach which he had entered the conductor took hold of him forcibly, knocking him to his knees, shoved him on down the aisle to the platform of the car, caught hold of him by the collar with one hand and by the leg with the other, and threw him off into a ditch on the side of the road. The evidence of the defendant tended to show that there were several ladies in the coach; that the defendant was very boisterous in his conduct, and used a lot of obscene and vulgar language; that the conductor remonstrated with him, and on his refusal to cease his boisterous conduct and the use of the obscene language the conductor took him out of the coach onto the platform, and on account of his drunken condition, he fell off the moving train.

The defendant requested several written charges which were refused. Charge 1. Under the law of this state, the conductor of a railroad train is a police of-

ficer, and not only has the right, but it is his duty, to keep order on the train on which he is conductor, and to eject all persons who use obscene or abusive language in the presence and hearing of the passengers. (2) Under the law in this state, a person charged with assault and battery may give in evidence any opprobrious words or abusive language used by the person assaulted or beaten at the time or near the time of the assault or affray, and such evidence shall be good in extenuation or justification, as the jury may determine, and such facts, if proven, may be considered in mitigation of damages in this case. (5) The court charges the jury that if they find from the evidence that at the time of the alleged injury plaintiff was a passenger on the defendant's train, that Bright Martin was a conductor on said train, that plaintiff was disorderly in that he used profane or vulgar language, which act on the part of the plaintiff rendered it necessary for said Bright Martin to eject plaintiff from the train, and that while Martin was trying to eject plaintiff from the train plaintiff resisted the efforts of Martin to eject him, which resistance on the part of plaintiff was the cause of plaintiff being injured, then the jury should find a verdict for defendant.

OSCAR R. HUNDLEY, for appellant.—The evidence is conclusive that the plaintiff was beastly drunk, and on account of his boisterous conduct the conductor had a right to put him off.—*L. & N. R. R. Co. v. Johnson,* 108 Ala. 63; 104 Ala. 241; 92 Ala. 204; 3 Thomp. on Negligence, §§ 2542 and 3232. Under the second and third pleas the defendant had the right to make the proof offered by the witness Stewart.—Code 1896, §§ 4653 and 3457. The court erred in refusing charge one requested by the defendant.—*Moore v. N. & St. L. Ry.,* 137 Ala. 504. The court erred in refusing to give written charge number 5.—36 Ala. 449; 11 Ala. 1058; 12 Ala. 520; 28 Ala. 236; 29 Ala. 200.

JOHN A. LUSK, and McCORD & McCORD, for appellee. —Counsel discuss assignments of error but cite no authority.

WEAKLEY, C. J.—This is the second time this case has been before the court. The report of the decision on the former appeal, which was taken by the plaintiff, Moore, contains an extensive statement of the evidence on each side; and the tendencies of the evidence, as shown by this record, are not variant from what they were on the first trial.—*Moore v. N. C. & St. L. Ry.,* 137 Ala. 495, 34 South. 617. The ejection of the plaintiff from the car was not denied; it was sought to be justified·upon the ground that plaintiff was intoxicated, and while in that condition used obscene, abusive, or profane language, in the presence of the passengers, the pleas further averring the use only of such force as was necessary to accomplish the object. The assignments of error, upon which appellant insists, are predicated upon several rulings on evidence, and the refusal to give three separate charges requested in writing. There was a motion for a new trial, which was overruled, although the trial judge required a reduction of the damages awarded by the jury. No assignment of error complains of the denial of a new trial, and hence no inquiry arises upon the action of the jury in deciding the controverted questions of fact for the plaintiff.

The assignments of error directed to the refusal of the court to allow the witness, Stewart, to answer questions, which sought to elicit from him the statement that the passengers or lady passengers were very much annoyed by the plaintiff, are not available to appellant, for the reason, if, for no other, that the witness had already testified that the lady passengers were very much annoyed by the plaintiff, and that testimony was not withdrawn from the jury. The question: "Did Moore's conduct on that occasion annoy the ladies and passengers in that car?" was, however, propounded to the witness, Noel, and disallowed upon objection by the plaintiff, and this ruling is made the basis of an assignment of error which must be noticed. The argument of counsel pretermits consideration of the inquiry, whether the question called for an opinion or conclusion merely, rather than for a fact, and rests his contention as to the propriety of the question alone upon the assertion that the annoyance vel non of passengers is a material issue

in the case. We do not discover, however, that it was a material issue. The important inquiry, under the pleas and the statute, in this connection, was whether the plaintiff used the language of the character attributed to him. It was of no consequence whether it actually annoyed the passengers or not; the statute (Code of 1896, § 3457) makes no requirement that the language of the defined character shall be offensive to passengers; and the pleas are merely that the removal of the plaintiff was necessary to prevent their annoyance. All the facts constituting the res gestae might have been and we think were given in evidence, and this was sufficient. Under the statute, proof of the conduct or language it condemns raises up a conclusive presumption of such disturbance of the peace and quiet, to which passengers upon the vehicle of transportation are entitled, as justifies the ejection of the disturbing passenger by the use of the requisite degree of force. The court, therefore, committed no error in its ruling upon the objection to the question above quoted, and in similar rulings in reference to attempts to have other witnesses testify in general terms, without details, that passeners were annoyed.

Evidence that passengers called upon the conductor to remove plaintiff did not tend to disprove the averment of the complaint that the removal was wilful as appellant contends; and no other suggestion in support of such evidence is made. The passengers had no control over the conductor, nor was he bound to accede to their requests. The existence of the facts essential under the plea and under the staute constituted his sole justification, and the minds of the jury should not be distracted from the true inquiry by evidence of what passengers requested. The conductor was present and witnessed all that occurred; he was informed of all that the passengers knew; and the most that could be affirmed of a request from them is that they were of opinion on the facts the plaintiff should be removed. Their opinion thus expressed could not be thrown into the balance. It is not and cannot be successfully contended that the request was a part of the res gestae. There are authorities which hold that under some circumstances

exclamations of bystanders are admissible, but this case is not within the rule they declare. The question calling for similar testimony from the witness, Noel, was objectionable for the same reason, besides being open to the criticism that it assumed plaintiff was guilty of misconduct, and of the use of improper language. The testimony of the witness, Martin, and other witnesses were very full, in respect of the plaintiff's alleged conduct and language, and the record shows the defendant had the fullest opportunity to present all the details of the occurrence to the jury. The difficulty under which appellant is laboring is that the jury believed the plaintiff's witnesses, or did not believe the pleas had been proven; and further inquiry in that behalf is upon this record forestalled. Under these circumstances, the exclusion of the mere comparative statement from the showing for the witness, Martin, that plaintiff "became more abusive than ever," not giving the language employed, could not operate to inflict any substantial injury upon the defendant; and while it might not have been improper to permit the statement to go to the jury, its exclusion was not reversible error.

Charge 1, refused to defendant, is identical with charge 3 which was given on the first trial. Upon the former appeal it was held the giving of the charge did not constitute reversible error, because the criticism directed against it was that the charge had a tendency to mislead. Per contra, it may also be said that it was not an error to refuse a misleading charge or one having a misleading tendency. The charge had such tendency in that it omitted any statement of the qualification that, in ejecting a passenger for the causes mentioned in section 3457 of the code of 1896, the conductor may use "only such force as may be necessary to accomplish the removal"; and the jury might have been led to believe by the charge requested that the conductor was justified in his action, without reference to the degree of force employed.

There was no error in refusing charge 2. Section 4345, Cr. Code of 1896, has no application to the case. We have held that it does not apply to a civil action even for assault and battery against the party commit-

ting the assault.—*Mitchell v. Gambill,* 140 Ala. 316, 37 South. 290.

Charge 5 was properly refused. It pretermitted inquiry into the degree of froce employed to overcome resistance; and besides, asserted as a fact, that the act of the plaintiff rendered it necessary for the conductor to eject him, and that plaintiff's resistance was the cause of the injury. Charges which assume the existence of facts as to which the evidence is conflicting or which draw inferences for the jury are erroneous, and should always be refused.—*Conrad v. Gray,* 109 Ala. 130, 19 South. 398. This disposes of all the assignments of error that are insisted on in brief of appellant's counsel. The case was fairly and fully tried. We may assume from want of any complaint in that regard that the law was satisfactorily presented to the jury in the court's oral charge; the controversy was entirely one of fact which the jury has settled, and we are unable to discover any error in any matter of substance.

Let the judgment be affirmed.

HARALSON, DOWDELL, and DENSON, JJ., concur.