(104 So. 866)

## PATTERSON v. STATE. (6 Div. 791.)

(Court of Appeals of Alabama. May 26, 1925. Rehearing Denied June 30, 1925.)

**1. Criminal law ⊕633(1)—Defendant is entitled to an impartial trial according to legal rules.**

Defendant is entitled to a fair and impartial trial according to legal rules.

**2. Criminal law ⊕730(12)—Solicitor's opening statement that he expected to prove that defendant was a felon on parole constituted prejudicial error.**

In prosecution for larceny of an automobile, with only litigated question being felonious intent, solicitor's opening statement that he expected to prove that defendant was a felon on parole constituted prejudicial error, notwithstanding that court sustained defendant's objection thereto, where no other effort was made, either by solicitor or court, to eradicate effect of such statement.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Roland Patterson was convicted of grand larceny, and he appeals. Reversed and remanded.

Pinkney Scott, of Bessemer, for appellant.

The statement of the solicitor to the jury deprived defendant of a fair and impartial trial. Tyler v. State, 19 Ala. App. 380, 97 So. 573; McAdory v. State, 62 Ala. 154; Cross v. State, 68 Ala. 476; B. R., L. & P. Co. v. Drennen, 175 Ala. 349, 57 So. 876, Ann. Cas. 1914C, 1037.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

No motion was made to exclude the statement, and nothing is presented for review. Anderson v. State, 209 Ala. 36, 95 So. 171; Arnold v. State, 18 Ala. App. 453, 93 So. 83; Matthews v. State, 16 Ala. App. 514, 79 So. 507; O'Neal v. State, 18 Ala. App. 425, 93 So. 49.

SAMFORD, J. In the opening statement of the solicitor, prosecuting for the state, in addition to stating the case to the jury, he included this remark:

"We also expect the evidence to prove that the defendant was serving a term in the penitentiary, and was out on parole at the time he was caught with this automobile in his possession."

The defendant objected to this part of the statement, which objection was properly sustained, but no effort was made either by the solicitor or the court to eradicate the damage already done to the defendant's cause. "Thereafter" the defendant moved for a mistrial because of the statement above set out, which motion was overruled and defendant excepted.

[1] That the statement was highly improper is very apparent; that it was illegal was recognized by the trial court. The defendant is entitled to a fair and impartial trial according to legal rules, and this he cannot have, if any of the highest officials of the court inject illegal statements into the trial charging defendant with being a felon and a proper inmate of the penitentiary.

---

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 20 Ala. App. 642.

[2] The defendant was a boy 19 years old; the charge was the felonious taking of a Ford car from the street where it was parked in front of a church. That he took the car was not denied, so that the only question litigated was the felonious intent. The defendant claimed that he only took the car to ride, with the purpose of returning it before the end of the meeting being attended by the owner, and was arrested for speeding, which prevented its return. A statement by the solicitor that he expected to prove that defendant was a felon on parole was not only highly improper, but called for prompt measures on the part of the court. The motion should have been granted. Birmingham Ry., L. & P. Co. v. Drennen, 175 Ala. 349, 57 So. 876, Ann. Cas. 1914C, 1037.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.