145 So. 165

## BOZEMAN v. STATE.
### 4 Div. 881.

Court of Appeals of Alabama.
Dec. 20, 1932.

282

A. R. Powell, of Andalusia, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

**RICE, J.**

Appellant was convicted of the offense of manslaughter in the first degree, and his punishment fixed at imprisonment in the penitentiary for the term of five years.

It was shown that he shot and killed one Emory Cowart in the course of a fight, involving Charles Cowart, a brother of the deceased, and one Croft Able, besides deceased and appellant. As the case must be retried, we have deemed it unwise to discuss in any way the testimony, other than is necessary to make clear the few holdings we shall declare.

There was no error in sustaining the state's demurrer to appellant's plea in abatement. He being indicted under the name "Herbert Bozeman," it was immaterial that his true name was "Herbert L. Bozeman." Taylor v. State, 100 Ala. 68, 14 So. 875.

As quoted by this court, from an opinion by the Supreme Court, in the case of Hardeman v. State, 14 Ala. App. 35, 70 So. 979, 980, it is impossible " 'to lay down a general rule as to the acts or declarations which will be received as forming part of the res gestæ. Each case is dependent in a great degree on its peculiar facts and circumstances. Such acts or declarations as are thus received must have been done or made at the time of the occurrence of the main fact, must have a tendency to elucidate it, and must so harmonize with it as obviously to constitute one transaction. It is not essential that they should be precisely concurrent in point of time with the main fact; if they spring out of the transaction; if they elucidate it; * * * they are regarded as contemporaneous with the main facts.' Wesley v. State, 52 Ala. 182, 187. 'Time alone is not a determining criterion when the question is whether a thing said or done is a part of a given transaction.' Domingus v. State, 94 Ala. 9, 11 So. 190."

In the light of the above quotation from our opinion in the case of Hardeman v. State, there cited, we are constrained to hold, and do hold, that there was no error in the rulings excepted to, allowing testimony as to what passed between appellant and Charles

Cowart immediately, or almost immediately, after the shooting of deceased by appellant. And see Smith v. State, 88 Ala. 73, 7 So. 52, and Pope v. State, 174 Ala. 63, 80, 57 So. 245.

■ While appellant, who was testifying as a witness for himself, was being cross-examined, the solicitor made to him, and the court and jury, this statement: "This is the second man you have killed?" True, in the record sent up here, a question mark follows the statement ("question") as we have indicated; and perhaps we may assume, though we are not so sure of that, that the "statement" quoted was put to the witness (appellant) with a "rising inflection" at its close, thereby indicating that it was a question, not a statement. But this involves unauthorized speculation on our part, and, besides, would not, we believe, change the applicable principle of law.

Upon appellant's timely objection to the quoted statement ("question"), the learned trial judge promptly sustained said objection, admonishing the jury not to consider same, etc. Said learned trial judge realized the poisonous nature of the said illegal question, and took decisive measures, only short of rebuking the solicitor for asking same, to eradicate the poison. But he overruled and denied appellant's motion to "withdraw the case from the jury (thereby declaring a mistrial) and continue it." And in this action he in our opinion, and we hold, erred. Watts v. Espy, 211 Ala. 502, 101 So. 106. The fact that the question was objected to, and the objection sustained, told the jury very eloquently what the answer would have been!

As said by Mr. Chief Justice Anderson, for our Supreme Court, in the opinion in the recent case of Pryor et al. v. Limestone County, 144 So. 18, of remarks not more poisonous than the statement ("question") involved here: "This argument [statement, or 'question,' in the instant case we interpolate] was highly improper, and, notwithstanding the trial court sustained appellants' objection to same, and instructed the jury not to consider said argument ['question'], it is of that character which is so poisonous and improper as to be almost immune [quite so, here, we think] from eradication." And the learned Chief Justice follows the quoted remarks with a number of citations of authorities sustaining same.

■ And in the case of Simon v. State, 181 Ala. 90, 61 So. 801, where the question asked of the defendant (appellant), under circumstances similar to those here, and to which objection was sustained, etc., but which was not followed, as here, by a motion to "withdraw the case from the jury, etc.," was, "Tom (the defendant) is this the first person you have ever murdered?" the Supreme Court seems to us to clearly intimate that, the situation being

presented to it, as it now is to us, and it having the authority of review, etc., which we now have (Watts v. Espy, supra), it would have there and then ruled, as we are now doing. This, for us, is controlling. Code 1923, § 7318. See, also, Metropolitan Life Ins. Co. v. Carter, 212 Ala. 212, 102 So. 130; Standridge v. Martin, 203 Ala. 486, 84 So. 266; and Patterson v. State, 21 Ala. App. 22, 104 So. 866.

The case appears to have been, in the main, well and ably tried.

The other questions apparent, which seem, though we do not so decide, to involve no erroneous ruling, will not likely arise, in their present form, at least, upon another trial. They will not be considered.

For the error pointed out, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.