175 So. 563

### NEWTON v. STATE ex rel. ATTY. GEN.

8 Div. 794.

Supreme Court of Alabama.

April 15, 1937.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for petitioner.

Murphy & Pounders, of Florence, opposed.

GARDNER, Justice.

Homer Newton was tried before the court without a jury upon the charge of having illegal possession of prohibited liquor. Sections 4615, 4621, Code 1923.

Upon review by the Court of Appeals, the judgment of conviction by the trial court was reversed and a judgment entered discharging the defendant, and to review this latter ruling the State presents this petition for certiorari.

The opinion of the Court of Appeals discloses that the defendant was in the woods by the side of the road where his car was parked. The officers arrived and arrested him, testifying that he had in his hand a bottle containing "liquor." The opinion rests the reversal upon the insufficiency of the proof to show the commission of an offense, on the ground there was no proof the officers had reference to prohibited liquor. The case, therefore, but presents a proper interpretation of the testimony of the officers when they used the expression that defendant had in his hand "a bottle, containing 'liquor.'" The opinion cites Webster's New International Dictionary (Second Edition) to the effect

92

that the word "liquor" may mean "any liquid substance, as water, milk, blood, sap, juice, or the like." But the language used must be interpreted in the light of the context, and, so interpreted, we do not think it reasonable to assume the officers making the arrest and testifying in the case had in mind any of the liquid substance above noted, such as water, milk, and the like, when they testified defendant had a bottle of liquor in his hand. Quite clearly, they had in mind prohibited liquors referred to in our statute.

The word "liquor" is "generally understood as meaning intoxicating liquors of all kinds, whether spirituous, vinous, malt, or alcoholic." 33 Corpus Juris 495. And this court in London v. State, 214 Ala. 673, 108 So. 587, approved and applied this generally understood meaning to the word in a condemnation case involving an automobile used in transporting prohibited liquors.

The response of the Court of Appeals on rehearing indicates the condemnation feature in the London Case, supra, as having a point of differentiation, as it is quoted and not otherwise distinguished. But we think it clear that the character of proceeding can offer no ground of distinction. The court in the London Case, supra, was interpreting the language of the witnesses in using the word "liquor," just as we are called upon to interpret the meaning of these officers as witnesses in the instant case.

And in Marks v. State, 159 Ala. 71, 48 So. 864, 868, 133 Am.St.Rep. 20, is language to the same effect as that in the London Case, supra, where the court observed: "The term 'liquor' or 'liquors' commonly includes all kinds of intoxicating decoctions, liquids, or beverages, whether spirituous, vinous, malt, or alcoholic." But we forego further discussion.

We think the language of these officers as witnesses should be given its generally understood meaning, and so interpreted, their testimony, if believed, fully justified the judgment of conviction.

Let the writ be awarded, the judgment of reversal set aside, and the cause remanded to the Court of Appeals for further action thereon in accordance with the views herein expressed.

Writ awarded. Reversed and remanded.

All the Justices concur.