conviction, pronounced and entered; this appeal was taken.

Upon examination we find there is no error apparent upon the, record, and on the record proper this appeal is rested.

The judgment of conviction from which this appeal was taken will accordingly stand affirmed.

Affirmed.

181 So. 126

### GIDEON v. STATE.

8 Div. 679.

Court of Appeals of Alabama.

March 22, 1938.

Rehearing Denied April 5, 1938.

Motley & Motley, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

RICE, Judge.

 As said by Judge Samford for this court in the opinion in the case of Masters v. State, 18 Ala.App. 614, 94 So. 249, certiorari denied Ex parte Masters, 208 Ala. 699, 94 So. 922: "The general rule is that when a statute creates a new offense, unknown to the common law, and describes its constituents, the offense may be charged in the statutory language."

The indictment here follows, literally, so far as we can see, subsection (a) of section 1 of the act of the Legislature approved July 25, 1931, Gen. Acts Ala.1931, p. 806, in describing the gambling device the possession of which is denounced by section 3 of the same act, page 807. The demurrers were properly overruled. Code 1928, § 4529.

There is no bill of exceptions. And we see no other question requiring discussion.

The judgment is affirmed.

Affirmed.

Court of Appeals of Alabama.

March 22, 1938.

Rehearing Denied April 5, 1938.

Motley & Motley, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.