196 So. 742

### SEXTON v. STATE.

### 5 Div. 83.

Court of Appeals of Alabama.

Jan. 16, 1940.

Rehearing Denied Feb. 13, 1940.

Reversed after Remandment April 30, 1940.

Robt. S. Milner, of Dadeville, and Pruet & Glass, of Ashland, for appellant.

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was found guilty in the County Court, and, upon appeal to the Circuit Court, was tried by a jury under a complaint filed by the Solicitor, which was as follows, to-wit: "The State of Alabama, by its Solicitor, complains of Tom Sexton, that, within twelve months before the commencement of this prosecution, while under the influence of liquor he did drive a motor vehicle upon the public highway within said county, against the peace and dignity of the State of Alabama."

He was convicted by the jury, which assessed his fine at $100. Whereupon, the court sentenced him to serve a specified term at hard labor for the payment of the fine and costs; and also for an additional ninety days as additional punishment. And the court in and as a part of its judgment prohibited defendant (appellant) from driving a motor vehicle upon a public highway for a period of one year.

For aught we can see to the contrary, appellant was charged under the provisions of the law which governs, to-wit, an Act of the Legislature approved March 4, 1937 (Gen. and Local Acts Alabama Extra Session 1936–1937, p. 229). See Holley v. State, 25 Ala.App. 260, 144 So. 535.

As pointed out in the Holley case, above cited, charging appellant with being "under the influence of liquor" (and "liquor" has been heretofore held by our Supreme Court to indicate "intoxicating liquor," see Newton v. State ex rel., 234 Ala. 91, 175 So. 563), is equivalent to charging him with "being intoxicated."

The judgment rendered, however, does not appear to be in pursuance of said Act; and, upon another trial, in the event of a conviction, the court will be governed according to the same.

Henry Baker, a deputy sheriff, testified on his direct examination that when he first saw appellant—upon the occasion that it was claimed he drove his truck while under the influence of "liquor"—appellant "was not in his truck" but "he was down in the bushes on the side of the road." Baker further testified that (at that time) appellant "was under the influence of whiskey, heavily."

Then Baker was allowed to testify over appellant's timely objection—with due exception reserved—that "We (Baker, another deputy Sheriff, and another man) told him (appellant) not to drive it away. And we turned and started back to town. And he got in his truck and drive (drove) it off towards the Allgood Community."

Appellant denied being drunk, or having been drinking, upon the occasion in question. And we are of the opinion, and hold, that it was error—and, in the nature of things, very prejudicial—to allow Baker to testify as to what "he told" appellant while he was out in the bushes beside the road, and before he had boarded his truck.

Here it may be said, as was said in a not dissimilar situation by Judge Samford, in the opinion in the case of Aplin v. State 19 Ala.App. 604, 99 So. 734, 735: "The foregoing statement [what Baker said to appellant before appellant drove his truck] tends to prove no fact."

The judgment is reversed, and the cause remanded.

Reversed and remanded.

Opinion After Remandment.

We, ourselves, once recorded the law on this subject of "res gestae" as follows, to-

wit: "It is impossible 'to lay down a general rule as to the acts or declarations which will be received as forming part of the res gestæ. Each case is dependent in a great degree on its peculiar facts and circumstances. Such acts or declarations as are thus received must have been done or made at the time of the occurrence of the main fact, must have a tendency to elucidate it, and must so harmonize with it as obviously to constitute one transaction. It is not essential that they should be precisely concurrent in point of time with the main fact; if they spring out of the transaction; if they elucidate it; * * * they are regarded as contemporaneous with the main facts.' * * * 'Time alone is not a determining criterion when the question is whether a thing said or done is a part of a given transaction.'" Bozeman v. State, 25 Ala. App. 281, 145 So. 165, 166.

■ ■ Now that the Supreme Court has spoken (Code 1923, § 7318), what Baker testified as to what "he told" appellant while appellant was out in the bushes beside the road, and before appellant had boarded his truck—and before it could be known whether or not appellant would ever board said truck—becomes testimony as to the res gestae of appellant's later driving of said truck.

But the judgment of conviction must be reversed because of matters not touched on by us in our original opinion (and which we, when we wrote said opinion, did not think it worth while to touch on).

■ ■ As was said by Presiding Judge Brown, of this court—who now, by the way, is a justice of our Supreme Court—in the opinion in the case of Bray v. State, 16 Ala.App. 433, 78 So. 463: "It is well settled that the judgment of conviction in a criminal case must affirmatively show that the defendant pleaded to the indictment [or complaint, we interpolate], or that, standing mute, the court caused the plea of not guilty to be entered for him." (Citing authorities) And: "The judgment cannot be aided or contradicted by the recitals in the bill of exceptions as to matters which must affirmatively appear in the record proper."

■ In the opinion in the case of Jackson v. State, 91 Ala. 55, 8 So. 773, 774, 24 Am.St.Rep. 860, one of the cases cited and relied on by Judge (Mr. Justice) Brown in the Bray case, supra, we find this:

"We find an error in the record, which compels a reversal upon other grounds. The record fails to show that the defendant pleaded to the indictment, or, standing mute, the court caused the plea of not guilty to be entered for him. The judgment entry after the demurrer to the indictment was overruled recites that thereupon came a jury, etc., who upon their oaths do say, etc. There was no plea entered, and no issue joined.

"There can be no trial on the merits in a criminal case until the defendant has pleaded not guilty, or this plea has been entered for him by the court." (Citing authorities).

So far as we can ascertain, or have ascertained, the law in this State is as we have quoted in the next three preceding paragraphs.

■ And, according to it, the judgment here must be reversed. Said judgment is —omitting parts not material to the question we have discussed—(only) as follows, to-wit: "The defendant files demurrers to the complaint. The same being heard and understood by the court, it is ordered and adjudged by the court that the same be and is (sic) hereby overruled, and the cause coming on further to be heard came a jury of good and lawful men, to-wit: W. H. Smith, Foreman and eleven others who upon their oaths do say, we the jury, etc."

■ We might add, in passing, that, while the complaint upon which appellant was tried—not that set out in the opinion by the Supreme Court on certiorari—carried the unnecessary allegation that the highway upon which appellant drove a motor vehicle "while under the influence of liquor" was a public highway (Gen. and Local Acts Ala. Extra Session 1936–1937, p. 229), yet, the State having seen fit to allege that it was a public highway, should have been required—in order to secure a conviction of appellant—to prove it. Gilmore v. State, 99 Ala. 154, 13 So. 536.

And we find no word of testimony in the bill of exceptions tending to show that the highway upon which appellant drove his truck while intoxicated—if he was intoxicated—was a public highway.

Opinion extended.

Reversed and remanded.