196 So. 744

**SEXTON v. STATE.**

**5 Div. 316.**

Supreme Court of Alabama.

March 28, 1940.

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, Asst. Atty. Gen., for the motion.

Robt. S. Milner, of Dadeville, and Pruet & Glass, of Ashland, opposed.

288

THOMAS, Justice.

■ The question of res gestae has been frequently discussed in the decision and applied to the particular facts of each case. It embraces all facts which are relevant, explanatory, or illustrative of, or which give character to, or illustrate the character of, or which characterize the act or principal fact which was the subject of or for decision. Roan v. State, 225 Ala. 428, 433, 143 So. 454. It also embraces all facts which are contemporaneous with such main fact or which constitute a part of the transaction and was spontaneous. Kiel v. State, 236 Ala. 585, 184 So. 210; Slaughter v. Murphy, Ala. Sup., 194 So. 649;[1] Laws v. State, 209 Ala. 174, 175, 95 So. 819; Illinois Central R. Co. v. Lowery, 184 Ala. 443, 63 So. 952, 49 L.R.A.,N.S., 1149.

■ The matter in question is thus stated by the Court of Appeals:

"Henry Baker, a deputy sheriff, testified on his direct examination that when he first saw appellant—upon the occasion that it was claimed he drove his truck while under the influence of 'liquor'—appellant 'was not in his truck' but 'he was down in the bushes on the side of the road.' Baker further testified that (at that time) appellant 'was under the influence of whiskey, heavily.'

"Then Baker was allowed to testify over appellant's timely objection—with due exception reserved—that 'We (Baker, another deputy Sheriff, and another man) told him (appellant) not to drive it away. And we turned and started back to town. And he got in his truck and drive (drove) it off towards the Allgood Community.'"

The criminal offense of which defendant was tried and convicted is thus stated in the complaint: "* * * that within twelve months before making this affidavit and in said county and on the east side of the Tallapoosa River, Tom Sexton did drive an automobile on a public road or highway, to-wit: On the Dadeville and Agricola road, while under the influence of intoxicating liquor or whiskey, against the peace and dignity of the State of Alabama."

The foregoing statement of the official was a part of the act or transaction charged as illegal under the statute and illustrated defendant's conduct or act and was a part of the res gestae. Every such case must stand upon its own material facts.

The text book definition of res gestae may be found in 3 Jones on Evidence, p. 2189, § 1193; 1 Greenleaf on Evidence, § 108; III Wigmore's Evidence, § 1795 et seq.; 15 Am.Law Review, 218.

■ In Murphy v. Brown & Co., 91 N.J.L. 412, 103 A. 28, 30, Mr. Wharton's definition (as contained in Vol. I Wharton's Evidence, 10th Ed., p. 504, § 263) is approved as follows: "* * * It is well settled that the res gestæ includes those circumstances which are the undesigned incidents of a particular litigated act. They may be separated from the act by a lapse of time more or less appreciable, and may consist of speeches of any one concerned, whether participant or by-stander. They may comprise things left undone as well as things done. They must be the necessary incidents of the litigated act in this sense that they are part of the immediate preparations for or emanations of such act, and are not produced by the calculated policy of the actors. Hunter v. State, 40 N.J.Law 495; * * *."

The classic definition of Sir James Fitzjames Stephens, to meet the inquiry of Barron Parke (Rawson v. Haigh, 2 Bing 104, 1 Cr. & P. 77), is as follows: "Whenever any act may be proved, statements accompanying and explaining that act made by or to the person doing it may be proved if they are necessary to understand it." May's Edition of Stephens Digest of Evidence, p. 51, Article 8.

The well-recognized rule in this jurisdiction on the point is stated in Bessierre v. Alabama City G. & A. R. R. Co., 179 Ala. 317, 330, 60 So. 82, and the most recent statement and application thereof is the decision in Routledge v. Schmitt, pro ami, Ala.Sup., 195 So. 246,[2] which adopts the statement of the rule contained in Alabama Great Southern R. Co. v. Hawk,

[1] Ante, p. 260.

[2] Post, p. 436.

72 Ala. 112, 116, 47 Am.Rep. 403. This decision was approved in the case of Birmingham & A. Ry. Co. v. Campbell, 203 Ala. 296, 299, 82 So. 546.

The action of the Court of Appeals is not in accord with the foregoing decisions of this court, and the petition for certiorari is granted.

Writ granted.

All the Justices concur.

