18 So.2d 145

### ALABAMA POWER CO. v. ADAMS.

#### 6 Div. 55.

Court of Appeals of Alabama.

May 23, 1944.

McQueen & McQueen, of Tuscaloosa, and Martin, Turner & McWhorter, of Birmingham, for appellant.

J. R. Bealle, of Tuscaloosa, for appellee.

RICE, Judge.

This is a suit claiming damages for injuries to appellee's person, alleged to have been received while she was a passenger upon one of appellant's buses in the City of Tuscaloosa, Alabama.

Counts one and two of the complaint, upon which the case was tried, allege in substance that defendant operated a bus for the transportation of passengers as a common carrier for hire in the City of Tuscaloosa, and that on Dec. 9th, 1942, appellee boarded such bus at a regular stopping place and paid her fare; and that before she had had time to become seated in the bus appellant's bus driver so negligently started the bus as to cause appellee to be thrown against the rear seat of the bus, and as a proximate consequence of such negligence appellee, who was pregnant at the time, was injured.

Upon the trial, on April 1st 1943,—the plea being the general issue in short by consent, with leave etc.—the jury returned a verdict for appellee in the amount of $500, upon which judgment was entered.

Appellant filed a motion for a new trial, which was overruled.

It is from said judgment and the order overruling appellant's motion for a new trial that this appeal is prosecuted.

There are but two questions urged upon us as involving error for which the judgment below should be overturned.

On the direct examination of appellee's witness Delaware Stanton this occurred: He testified "She got on the bus and dropped a nickel in the bus and came back there and just before she got to the colored section,—just as she got out of the white section, the bus jerked off real hard and slung her back on the back long seat of the bus and hit her in the side. Her body struck the side real hard."

Thereupon the plaintiff asked the witness the following question: "Q. What did she do then?"

The witness answered: A. "A lady on the bus asked her * * *."

The defendant (appellant) objected to the statement of the witness as to what some lady on the bus did or said, on the ground that it was hearsay and was a self-serving declaration of the plaintiff. The court stated: "I'll sustain the objection unless you show it is a part of the res gestae."

Thereupon the plaintiff asked the witness the following: "Q. Did she say it immediately after she hit the seat?" The witness answered: "A. Yes, sir." Thereupon the plaintiff asked the witness the following question: "Q. What did she say?"

The defendant objected to this question on the ground that it called for testimony that was hearsay and further ground that it constituted a self-serving declaration, and called for testimony that was irrelevant, immaterial, illegal and incompetent. The court overruled defendant's objection, and to this ruling of the court the defendant duly reserved an exception.

The witness answered: "A. The lady says, 'Well, I know that hurt you;' the lady said, 'girl, I know that hurt you.'"

Thereupon the plaintiff asked the witness the following question: "Q. Says, 'girl I know that hurt you?'" The witness answer: "A. Yes, sir, and she didn't say anything right then but when she did, she said, 'yes, it sure did.'"

We have set out in detail the matters appearing just next above, in deference to the persistent argument of appellant's able counsel. They contend vigorously that the testimony of the witness Stanton: "The lady says, 'well I know that hurt you;' the lady said, 'girl I know that hurt you'" was no part of the res gestae, and that the question calling for same was subject to their objection.

But we cannot agree.

440

■ Our Supreme Court has dealt rather fully, and at length, with this matter of "res gestae." In their opinion in the case of Travelers' Ins. Co. v. Whitman, 202 Ala. 388, 80 So. 470, 473, they said: "* * * it is not essential for exclamations and statements to be admissible as res gestæ that the same should have been made by a party to the suit. It is a well-settled rule of the modern law of evidence, as applied to civil cases, that, where the making of a statement 'assists to constitute the transaction or to prove per se a relevant fact, the declaration is competent.'" And they cite, then, a great number of authorities, and go on to say: "Such declarations have been admitted as evidence as a part of the res gestæ, though made by a mere bystander, in many of the states * * *; and in this state"—citing more authorities, one of which is the very case cited to us by appellant, as sustaining its contention, viz: Nashville, C. & St. L. Ry. Co. v. Moore, 148 Ala. 63, 67, 41 So. 984. But our Supreme Court then adds: "Declarations of third persons, however, to be considered as a part of the res gestæ, *must be a part of the transaction and under such circumstances as that its spontaneity is assured.*" (Italics ours).

■ We, ourselves, but quoting, have said: "* * * it is impossible ' "to lay down a general rule as to the acts or declarations which will be received as forming a part of the res gestæ. Each case is dependent in a great degree on its peculiar facts and circumstances. Such acts or declarations as are thus received must have been done or made at the time of the occurrence of the main fact, must have a tendency to elucidate it, and must so harmonize with it as obviously to constitute one transaction. It is not essential that they should be precisely concurrent in point of time with the main fact; if they spring out of the transaction; if they elucidate it; * * * they are regarded as contemporaneous with the main facts." * * * "Time alone is not a determining criterion when the question is whether a thing said or done is a part of a given transaction."'" Bozeman v. State, 25 Ala.App. 281, 145 So. 165, 166.

■ Finally, and as illustrating what we might perhaps call the ambitendency of the judicial mind when dealing with specific instances in this matter of res gestae, our Supreme Court in granting certiorari to us in the case of Sexton v. State, 29 Ala.App. 336, 196 So. 742; Id., 239 Ala. 287, 196 So. 744, 745, quoted with approval these authoritative remarks, which we follow, Code 1940, Tit. 13, § 95:

"In Murphy v. [George] Brown & Co., 91 N.J.L. 412, 103 A. 28, 30, Mr. Wharton's definition (as contained in Vol. 1 Wharton's Evidence, 10th Ed., p. 504, § 263) is approved as follows: '* * * It is well settled that the res gestæ includes those circumstances which are the undesigned incidents of a particular litigated act. They may be separated from the act by lapse of time more or less appreciable, and may consist of speeches of any one concerned, whether participant or bystander. They may comprise things left undone as well as things done. They must be the necessary incidents of the litigated act in this sense that they are part of the immediate preparations for or emanations of such act, and are not produced by the calculated policy of the actors. Hunter v. State, 40 N. J.L. 495; * * *.'"

■ Applying the law as above herein quoted—which comprises but an almost insignificant portion of the utterances of our Supreme Court on the question (See Bessierre v. Alabama City G. & A. R. Co., 179 Ala. 317, 331, 60 So. 82)—we reach the conclusion, after analyzing and harmonizing the various decisions as best we are able, that the statements by the unidentified woman, allowed to be detailed into the evidence by the witness Stanton, viz: "Well, I know that hurt you—girl I know that hurt you" were part and parcel of the res gestae of the occurrence, and hence admissible in evidence. We have examined each of the cases cited to us by appellant, but are persuaded that none of the decisions in same militate—certainly in any authoritative way—against the decision we have reached. The ruling to which appellant reserved an exception was without error.

■■ Coming now to the next and last exception argued to us by appellant, that reserved to the action of the trial court in overruling its motion to set aside the verdict of the jury and the judgment entered thereon and grant unto it a new trial, we observe that appellant's argument is directed solely to the point that the damages awarded by the jury were excessive.

Not much discussion by us would seem appropriate.

Appellant asserts: "In this case the evidence merely showed that after the accident appellee had only such pain and disability as one would normally expect as a natural result of appellee's physical condition due to her pregnancy and the birth of her first child."

This statement was, we are afraid, inspired by zeal of counsel, rather than being deduced or abstracted from the bill of exceptions.

Not only did appellee testify: "After this accident I bled some. After I came home and went to bed, everytime I got up to urinate, there was blood;" and that "that continued about a week;" but her testimony was, further: "My side still hurts me (on April 1st 1943, the injury occurring on Dec. 9th 1942, we interpolate). It has continued to hurt me since my injury."

This, to our minds, shows, if the jury believed it,—and their verdict indicates that they did—much more than "that after the accident appellee had only such pain and disability as one would normally expect as a natural result of appellee's physical condition due to her pregnancy and the birth of her first child." How much more, we think it was for the jury trying the case to say.

Certain it is, that after the learned and just trial court, who saw and heard the witnesses, has refused to disturb the jury's finding, we are unable to find the slightest justification for our overruling his action.

The case of St. Louis & S. F. R. Co. v. Trice, 202 Ala. 352, 80 So. 434, cited to us by appellant, is so plainly distinguishable on the facts, that it is of no help to us.

We might say that if we had been sitting as a juror we do not believe we would have awarded appellee so much damages, on the testimony. But that, of course, is not the way we sit, here.

And abiding by the rules—so well known we will not cite them—laid down for our guidance, we see naught to do but affirm the action of the lower court in overruling appellant's motion for a new trial; and in all other respects here argued for error.

The judgment is affirmed.

Affirmed.