278 So.2d 719

**William Henry McKINNEY**

v.

**STATE.**

**6 Div. 413.**

Court of Criminal Appeals of Alabama.

March 20, 1973.

Rehearing Denied May 1, 1973.

· J. Louis Wilkinson, and Charles Crowder, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was tried and convicted in the Circuit Court of Jefferson County upon an indictment charging the offense denounced by Section 374(20), Title 14, Code of Alabama 1940, being an assault with a deadly instrument upon a peace officer engaged in the active discharge of his lawful duty or duties. He was sentenced to a term of five years in the penitentiary. Omitting the formal parts, the indictment is as follows:

"The grand jury of said county charge that, before the finding of this indictment, WILLIAM HENRY MCKINNEY did, with a deadly instrument, to-wit, a shotgun, feloniously assault Sidney N. Graham, a law enforcement officer, to-wit: a deputy sheriff for Jefferson County, Alabama, while the said Sidney N. Grahma was engaged in the active discharge of his lawful duty or duties as such deputy sheriff for Jefferson Coun-

ty, Alabama, against the peace and dignity of the State of Alabama."

On March 14, 1971, around 9:00 P.M., Sidney M. Graham, a deputy sheriff with the Jefferson County Sheriff's Department, was on routine patrol in the Dixiana Community of Jefferson County and came upon a 1952 or 1953 Buick automobile parked at the intersection of Old Dixiana Road and Gail City Road. He observed three black males around the vehicle. Two wheels were missing from the Buick and one of the tires on the car was flat and appeared to have been partially burned. When Mr. Graham and his partner approached the disabled automobile, the three black males ran from the scene. Mr. Graham saw one of them running toward Gail City and he got out of the patrol car with his pistol in his hand and fired it straight up in the air and shouted, "Halt, this is the police". The man kept running and Mr. Graham again shouted, "Hold it. This is the police", and fired his pistol in the air a second time. The fleeing man did not stop. Mr. Graham then observed a 1962 Ford car parked a short distance away and he walked over to his car with his pistol still in his hand. He had a flashlight and he shined it on the car and saw this appellant getting out of the car with a shotgun in his hand. He had appellant in the beam of his flashlight as he raised the shotgun to his shoulder pointed toward the deputy, who immediately dived behind the rear of the Ford. Graham testified that "the shotgun went off, and the pellets hit behind me as I hit the ground". The officer yelled, "This is the police you are shooting at", and appellant said, "Get away from my car". There was further exchange of fire between appellant and the deputy sheriff before appellant ran into the woods.

After appellant had fled the scene, the deputy, using his flashlight, observed two wheels with tires mounted thereon between the front and rear seats in the Ford all in plain view. He compared these wheels and tires with those still on the Buick and they appeared to be the same.

■ Appellant contends, in brief, that the indictment in this case is void and will not support the judgment of conviction for a number of reasons. The indictment is not attacked by demurrer which is the proper procedure to raise defects going to its invalidity. Duncan v. State, 278 Ala. 145, 176 So.2d 840. Specifically, appellant claims the indictment is defective for failure to aver: (1) the time and place of the alleged assault, (2) the manner in which the shotgun was purportedly used (was it fired or used as a club or what?), (3) the intent of the accused person, and (4) whether or not the accused *knowingly* assaulted an officer, *knowing* he was discharging his lawful duties.

Appellant further contends that the essential elements of this offense embrace scienter or guilty knowledge with respect to the identity of the person being assaulted, a specific *intent* upon the part of the wrong-doer to kill or grievously injure the law officer(s) involved, and the *use* of the deadly instrumentality in such a manner as to reflect the evil intent referred to.

■ The offense for which appellant stands convicted is statutory and was unknown to the common law. The General Rule is that where a statute creates a new offense unknown to the common law and described its constituents the offense may be properly charged in the statutory language. Gideon v. State, 28 Ala.App. 177, 181 So. 126; Kennedy v. State, 39 Ala. App. 676, 107 So.2d 913. This rule has its qualifications and exceptions and is not applicable where the statute does not prescribe with definiteness the constituent elements of the offense. Mitchell v. State, 248 Ala. 169, 27 So.2d 36.

In Hochman v. State, 265 Ala. 1, 91 So. 2d 500, Mr. Justice Simpson wrote:

" * * * For the general rule is applicable only where the statute itself sufficiently defines, describes or sets forth the essential elements of the offense. The fact that affidavits or complaints

following the language of the statute creating the offense have in some cases been upheld and in others condemned illustrates very clearly that the determinative factor is the sufficiency, vel non, of the language of the particular statute, when pursued in the accusation, to apprise the accused with reasonable certainty of the nature of the accusation made against him, to the end that he may prepare his defense and be protected against a subsequent prosecution for the same offense."

■ The constituent elements of the statute in the instant case are: (1) assault upon a police officer, (2) who was engaged in the active discharge of his lawful duties, and, (3) with a deadly instrument. To read into this statute the additional elements of scienter, murderous intent, and the use of the instrumentality in such manner as to reflect an evil intent, is unwarranted. This statute falls in the class of *malum prohibitum* and not *malum in se*. It was enacted to protect a class of citizens engaged in ferreting out crime and in the enforcement of the criminal laws of the State and thereby for the ultimate protection of society.

■ As stated in Fiorella v. City of Birmingham, 35 Ala.App. 384, 48 So.2d 761:

"It is perfectly permissible for a legislative body to make the doing of an act criminal without regard to the intent or knowledge of the doer, and *if* such legislative intent appears, the courts must give it effect, although the intent of the doer may have been innocent. Such principle is particularly applicable to enactments passed as police measures. Smith v. State, 223 Ala. 346, 136 So. 270; Allen v. State, 33 Ala.App. 70, 30 So.2d 479."

■ The indictment meets the requirements of Title 15, Section 232, Code of Al-

abama 1940, in that it sufficiently apprises the defendant of the charge against him so as to enable him to prepare his defense and affords him ample protection against a subsequent prosecution for the same offense.

If malicious intent were an essential element of the offense under Title 14, Section 374(20), Code of Alabama 1940, it would simply be a duplication of Title 14, Section 38, Code of Alabama 1940, which provides, *inter alia,* that a conviction for *assault with intent to murder* is punishable by imprisonment in the penitentiary for not less than two nor more than twenty years. The Legislature did not intend such a duplication and overlapping of these specific statutes, but intended to create a new offense for the protection of all police officers in which "malice", "intent", and words of like import are conspicuously absent. This section, unlike section 38, supra, requires the use of a "deadly instrument".

■ The trial court in its instructions to the jury placed a greater burden on the state than is required in this type prosecution and certainly appellant has no valid complaints in this regard.

■ Appellant strenuously insists that there is a fatal variance between the allegations of the indictment and the proof adduced by the state in this, viz., the indictment avers the name of the officer allegedly assaulted was Sidney *N.* Graham, whereas the undisputed proof shows his name to be Sidney *M.* Graham. Appellant contends this is a *material* variance and runs afoul of the constitutional provision against double jeopardy. We do not agree. Under the maxim that the law knows but one Christian name the indictment stating the middle initial of the assaulted party to be "N" whereas the proof showed it to be "M" is of no consequence. Variance in the middle name is immaterial. Coffey v. State, 244 Ala. 514, 14 So.2d 122; James v. State, 246 Ala. 617, 21 So.2d 847; Reid v.

State, 168 Ala. 118, 53 So. 254; Fannin v. State, 20 Ala.App. 122, 101 So. 95.

Error is claimed in the action of the trial judge in allowing testimony relative to the two Buick wheels and tires found in the Ford automobile following the shoot-out. This testimony was proper as constituting part of the res gestae and to show the condition of the scene immediately after the commission of the offense. Sexton v. State, 239 Ala. 287, 196 So. 744; 29 Ala.App. 336, 196 So. 742; Cook v. State, 269 Ala. 646, 115 So.2d 101.

Appellant presented numerous written charges covering the law of self defense. The trial court refused all of them. Appellant did not testify in his behalf and presented only one witness, Nathanial Wilson, who testified that a car drove up and somebody got out of it and commenced shooting. While he was running, he heard four or five shots behind him. As he passed the Ford car, he did not recognize it as belonging to appellant. By no stretch of the imagination can it be said that Wilson's testimony affords even an inference of self defense. It is undisputed that appellant fired the first shot directly at officer Graham just as he jumped behind the Ford car and "hit the ground". Before appellant fired the second shot, Mr. Graham shouted, "This is the police you are shooting at", and appellant replied, "Get away from my car", and fired the shotgun again in the direction of the law officer. In this state of the record all of the written refused charges were rendered abstract and no error intervened here. Gautney v. State, 284 Ala. 82, 222 So.2d 175; Robinson v. State, 18 Ala.App. 612, 93 So. 262.

We have carefully searched the record for error and have found none that affects the substantial rights of appellant. The case is due to be affirmed and it is so ordered.

Affirmed.

All the Judges concur.