318 So.2d 274

**DIXIE ELECTRIC COMPANY, a corp., and Ralph Miller**

v.

**A. J. MAGGIO.**

**SC 964.**

Supreme Court of Alabama.

July 31, 1975.

James W. Garrett, Jr., and William B. Moore, Jr., Montgomery, for appellants.

**413**

Charles H. Volz, Jr., and Al J. Sansone, Montgomery, for appellee.

SHORES, Justice.

This appeal is from a judgment rendered on a verdict in a personal injury action brought by A. J. Maggio against Dixie Electric Company, a corporation, and Ralph Miller, its employee. Mr. Maggio sought damages for injuries allegedly resulting from negligence and wanton misconduct of the defendants. Both counts were submitted to the jury which awarded the plaintiff $43,000.

The facts out of which this litigation arose are:

On June 6, 1973, defendant Ralph Miller parked a Dixie Electric pickup truck in a parking space on South Court Street in Montgomery. The truck was parked in such a manner that the rear of the truck faced the public sidewalk. An extension ladder, which was positioned on top of the truck, projected beyond the rear of the truck and out over the public sidewalk. Mr. Maggio, walking north on the public sidewalk on South Court Street, struck his head on the protruding ladder and fell to the sidewalk, receiving severe injuries.

The rear wheels of the truck were on a crack, which was the point at which the sidewalk began. At the time of the acci-

dent, there was no flag or any warning device on the ladder. Immediately after the accident, Mr. Miller moved the truck forward and flagged the ladder.

Appellants list seventeen assignments of error on this appeal, which raise two basic issues: (1) Whether the trial court erred in submitting the question of defendants' alleged wantonness to the jury; and (2) whether the trial court erred by admitting into evidence the testimony that Mr. Miller pulled the truck forward and placed a flag on the protruding ladder subsequent to the accident.

Appellants argue that the court erred in refusing their motion for a directed verdict on the wanton count. In brief, they say that "From an examination of the evidence . . . there is certainly not a speck of testimony which would show that Ralph Miller demonstrated a will or intention to injure Mr. Maggio." We agree. But, that is not the test of wantonness.

" 'Wantonness' is the conscious doing of some act or the omission of some duty under the knowledge of the existing conditions, and conscious that from the doing of such act or omission of such duty injury will likely or probably result. . . ." *Kilcrease v. Harris,* 288 Ala. 245, 251, 259 So.2d 797, 801 (1972); *Culpepper & Stone Plumbing & Heating Co. v. Turner,* 276 Ala. 359, 162 So.2d 455 (1964). One may be guilty of wanton misconduct without actual intent to injury anyone. *Birmingham Railway, Light & Power Co. v. Murphy,* 2 Ala.App. 588, 56 So. 817 (1911). In this sense, ". . . A willful or intentional act is not involved in wantonness . . ." *Atlantic Coast Line R. Co. v. Brackin,* 248 Ala. 459, 461, 28 So.2d 193, 194 (1946). ". . . wantonness may arise where the defendant has knowledge that persons, though not seen, are likely to be in a position of danger and with conscious disregard of known conditions of danger . . ." *Crocker v. Lee,* 261 Ala. 439, 444, 74 So.2d 429, 434 (1954). The knowledge requirement of wantonness "need not be shown by direct proof, but

may be shown by adducing facts from which knowledge is a legitimate inference." *Kilcrease v. Harris,* supra (288 Ala. at 252, 259 So.2d at 802).

In determining whether the plaintiff presented sufficient evidence to submit the wanton count to the jury, we must look to well-established guidelines. ". . . a question must go to the jury, if the evidence, or any reasonable inference arising therefrom, furnishes a mere gleam, glimmer, spark, the least particle, the smallest trace, or a scintilla in support of the theory of the complaint. . . ." *Kilcrease v. Harris,* supra (288 Ala. at 252, 259 So.2d 802). The question should be taken from the jury only when there is not a scintilla of evidence in support of the controverted point. Additionally, in determining the sufficiency of the evidence, this court must presume the jury's verdict was correct, and will not set aside such verdict unless the preponderance of the evidence is so against the verdict as to convince this court that it is wrong and unjust. *Kilcrease v. Harris,* supra; *Tallapoosa River Electric Coop., Inc. v. Burns,* 271 Ala. 435, 124 So.2d 672 (1960).

The jury in the instant case could conclude from the evidence that the defendant Miller (1) knew that the ladder projected beyond the truck body; (2) knew that it was possible for someone walking near the truck to strike his head on the ladder; (3) that knowing this, he parked portions of the vehicle on the public sidewalk in violation of a city ordinance; and (4) that he knew the rainy conditions would limit visibility of pedestrians using the sidewalk. Thus, we cannot say there was not a scintilla of evidence from which the jury could find that the defendant Miller acted in reckless disregard of the consequences of his act.

Whether the dangerous situation created by the defendant ". . . resulted from mere inadvertence or inattention, which would be nothing more than negligence; or whether . . . from a conscious in-

difference to the likely or probable consequences, which would be wantonness, was a question for the jury." *Culpepper & Stone Plumbing & Heating Co. v. Turner,* supra (276 Ala. at 365, 162 So.2d at 460.). The court did not err in refusing to direct a verdict in favor of defendants on this count.

The second issue presented by this appeal concerns testimony that subsequent to the accident the truck was moved forward and a flag placed on the end of the projecting ladder. The appellants insist that this is evidence of a subsequent change or repair and, as such, is inadmissible to show negligence on the part of the defendant.

█ It is true that evidence showing repairs to machines, streets, or the like, after an injury, is generally not admissible to show negligence, II Wigmore on Evidence, Third Edition, § 283, page 151, but it is equally true that the condition of a place or thing at the time of an injury may always be shown.

The record shows that Mr. Maggio hit his head on the ladder which protruded over the sidewalk at around noon on June 6, 1973. It was cloudy and raining at the time. He fell to the ground, having fractured his hip. Mrs. Margaret Mock worked in the Wilson Building where the Dixie Electric truck was parked. She said someone came in to call the police and she went outside and saw Mr. Maggio lying on the sidewalk in the rain, and also saw Mr. Miller come out and pull the truck up and put a flag on the ladder. A Mr. Mitchell testified that he worked in the Wilson Building and, upon hearing that there had been an accident, went outside and observed the truck parked at the steps of the building and saw someone helping Mr. Maggio to the back seat of an automobile. A Mr. Pugh testified that he was walking down Court Street and saw a man helping Mr. Maggio into the back of an automobile and he, Mr. Pugh, called an ambulance and saw Mr. Miller move the truck forward and place a flag on the ladder. Mr. Miller

affirmed these actions. All of this occurred minutes after the accident and before the police or ambulance arrived.

We think this evidence was admissible as a part of the res gestae.

█ At § 413, 31A C.J.S. Evidence, the rule is summarized:

"Statements or acts, although subsequent to the main or principal event, which are so intimately interwoven with it by the surrounding circumstances as to raise a reasonable presumption that they were made or done under the immediate influence of the principal transaction or event itself, rather than the result of premeditation or design, are admissible."

Also:

". . . acts or statements which, although subsequent in point of time to a personal injury, follow at once thereafter and serve to characterize the occurrence, or which are done or made under such circumstances as to exclude the possibility of premeditation or design and which are so close to the injury as to be fairly a part of the occurrence, are admissible as part of the res gestae. . . ." [Citing *Alabama Power Company v. Adams,* 31 Ala.App. 438, 18 So. 2d 145 (1944)]

In *Alabama Power Company v. Adams,* supra, the Court of Appeals had the following to say about the rule:

". . . '* * * it is impossible, 'to lay down a general rule as to the acts or declarations which will be received as forming a part of the res gestae. Each case is dependent in a great degree on its peculiar facts and circumstances. Such acts or declarations as are thus received must have been done or made at the time of the occurrence of the main fact, must have a tendency to elucidate it, and must so harmonize with it as obviously to constitute one transaction. It is not essential that they should be precisely concurrent in point of time with the main fact; if they spring out of the

transaction; if they elucidate it . . .'"' *Bozeman v. State*, 25 Ala. App. 281, 145 So. 165, 166." (31 Ala. App. at 440, 18 So.2d at 146.)

*Alabama Power Company v. Adams,* supra, refers to Vol. 1, Wharton's Evidence, 10th Ed., page 504, § 263, where the following was approved by this court in *Sexton v. State,* 239 Ala. 287, 196 So. 744 (1940):

"'. . . "* * * It is well settled that the res gestae includes those circumstances which are the undesigned incidents of a particular litigated act. They may be separated from the act by lapse of time more or less appreciable, and may consist of speeches of any one concerned, whether participant or bystander. They may comprise things left undone as well as things done. They must be the necessary incidents of the litigated act in this sense that they are part of the immediate preparations for or emanations of such act, and are not produced by the calculated policy of the actors. [Citation Omitted]; * * *."'" (31 Ala.App. at 440, 18 So.2d at 147)

■ The acts here clearly fall within this rule. Mr. Maggio had just hit his head on the ladder and had fallen to the ground. As an immediate reaction to the emergency, some people were helping him to a nearby automobile, another called an ambulance, and others offered to help. Mr. Miller pulled the truck forward and put a flag on the ladder. All of this was one continuing transaction incident to and flowing from the "main event," the accident. It certainly tends to elucidate the scene and was, therefore, properly received as evidence.

The evidence complained of was properly admitted as a part of the res gestae and its admissibility is not precluded as argued by appellants as being evidence of subsequent change or repair.

■ The statement of Mr. Miller, made on deposition, and received in evidence that "I eased it ahead a little bit; how far, I don't know. And I put a red flag on it. I figured if one fellow cracked his head, I would put a red flag on it and there wouldn't be two. So, that is all." It was admissible under another well-known rule of evidence:

". . . the admissions *of a party* made directly by him, or through his agent duly authorized to speak for him, or by a privy, relative to the subject matter of a suit, are admissible in evidence against such party where they are inconsistent with the claim he asserts in the action . . ." 29 Am.Jur.2d, § 600; *Mitchell v. Kinney,* 242 Ala. 196, 5 So.2d 788 (1942).

". . . Declarations against interest are generally admitted without regard to the time when they were uttered. . . ." 29 Am.Jur.2d, § 605.

The statement by Mr. Miller is not consistent with the position he took at the trial. There, it was his claim that the ladder did not extend so far over the sidewalk as to constitute a danger to pedestrians, and that the truck cleared the sidewalk. His declaration to the contrary was admissible under the above rule.

The judgment appealed from is, therefore, affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL and JONES, JJ., concur.

MADDOX, J., concurs in the result.

MADDOX, Justice (concurring in the result).

I concur in the result. I cannot agree that the placing of the red flag on the ladder after the accident was a part of the res gestae. The majority cites *Sexton v. State,* 239 Ala. 287, 196 So. 744 (1940), which defines res gestae as "the *undesigned* incidents of a particular litigated act." [Emphasis added]. The driver's

statement that he put a red flag on the ladder because "[he] figured if one fellow cracked his head, [he] would put a red flag on it and there wouldn't be two," was not an *"undesigned* incident," in my opinion. In fact, his statement indicates he did it by *design.* Nevertheless, I think the fact that the red flag was placed on the ladder was admissible but for a different reason to show that there was no flag on the ladder at the time of the accident. However, I think such evidence was permissible only to show the condition prior to the accident, and should not have been permitted as an admission of negligence. *City of Montgomery v. Quinn,* 246 Ala. 154, 19 So.2d 529 (1944).

As I understand our law, such evidence is admissible under limited circumstances, if the trial judge restricts the effect of the evidence to avoid the risk of a party's misusing it. In other words, I believe that the trial court can limit, by instruction, the effect of such evidence, but I also believe that the better opinion is that the opponent of the evidence must ask for the instruction. See *City of Montgomery v. Quinn,* supra. The opponent of the evidence made no such request for a limiting instruction here. Consequently, I concur in the result reached by the majority that there was no error shown here.