279 So.2d 116

**Edwin LIETZ**

v.

**STATE of Alabama.**

**SC 350.**

Supreme Court of Alabama.

June 7, 1973.

Thomas M. Haas, and Y. D. Lott, Jr., Mobile, for appellant.

**134**

William J. Baxley, Atty. Gen., Montgomery, and P. B. McLauchlin, Jr., Sp. Asst. Atty. Gen., Ozark, for the State.

FAULKNER, Justice.

Edwin Lietz was convicted in Baldwin County of possessing marijuana for personal use (Code, Title 22, § 258(47)). He was fined $500, sentenced to six months in jail, sentence suspended, placed on two years probation, and taxed with costs. He appealed to the Alabama Court of Criminal Appeals, and the cause was thereafter transferred to this Court. Code, Title 13, § 111(11a).

Appellant complains of numerous purported errors below. It is necessary to reach only one of these to decide this appeal.

Deputy Sheriff Walter Crook said he had a pickup order for a child who was the son of the defendant's brother. In Crook's words:

> " * * * I noticed Mr. Eddie Lietz [the defendant] and I asked Eddie about the child, and he advised me that he knew nothing about it. * * * I proceeded to the residence down the road. * * * Mr. Lietz came running through the woods out of breath—

"THE COURT: The defendant?

"WITNESS: Yes. He asked me what right I had to go into his house and wanted to see the order * * *.

* * * * * *

"He advised me that I could not go into the house * * *.

"Q. If I understand your testimony correctly, when you arrived at the home prior to entering the home, that the defendant cam [sic] running up, and this is your second encounter with him, and he questioned your authority to enter his home, is that right?

"A. Right.

"Q. And you went in anyway, didn't you?

"A. He opened the door, right.

"Q. You were in uniform and official deputy Sheriff, and you went in on duty?

"A. Yes, sir.

"Q. He didn't fight or stop you; he opened the door?

"A. He attempted to.

* * * * * *

"Q. You went in the house whether the defendant objected or not?

"A. Yes, sir.

"Q. You went in?

"A. After he gave me permission.

"Q. How in the world do you say he gave you permission, by opening the door?

"A. If you want to call it that.

* * * * * *

"Q. The defendant had told you the child wasn't in the house?

"A. Right.

"Q. You went in the house anyway and looked for the child and found that was true?

"A. The child wasn't there; that's correct.

"Q. Before you entered the house the defendant objected to you going in, didn't he?

"A. He wanted to see an order.

"Q. He asked if you had any judicial legal authority to enter the house or words to that effect?

"A. Yes, sir.

"Q. You say that you told him that you were going in and look for the child anyway, didn't you?

"A. I don't recall if I told him that or not."

The son of the defendant's brother was not to be found in defendant's house, but a great deal of marijuana was.

Prior to trial defendant moved to suppress the evidence on the grounds of illegal search and seizure. The motion was denied. We think the trial judge erred in his ruling.

Since there was no contention the officer had a search warrant, the search of defendant's home is justified by the State on the basis of alleged consent.

█ Consent to an otherwise illegal search must be clearly, unequivocally and convincingly proven. The courts will not lightly presume waiver of fundamental constitutional rights. Duncan v. State, 278 Ala. 145, 176 So.2d 840 (1965). Knox v. State, 42 Ala.App. 578, 172 So.2d 787 (1964). The record in the instant case not only fails to affirmatively establish consent, but clearly shows that the search was against the will of the defendant.

Unless we enforce the restrictions of the Fourth Amendment and Article 1, § 5 of the Alabama Constitution on searches and seizures, an old saying will have to be revised. A man's home will no longer be his "castle", but, his "open house" for everyone with a shred of governmental authority who wants to come inside. This cannot be permitted.

The judgment of conviction is reversed.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.