PER CURIAM.
On petition of the State, we agreed to review the Court of Criminal Appeals; 539 So.2d 321, decision reversing the conviction and sentence of Jimmy Lundy. Jimmy Lundy was convicted of the capital murder of his wife and was sentenced to life without parole. The Court of Criminal Appeals reversed his conviction, holding that a material variance existed between the indictment, and the evidence offered at trial.
The indictment against Lundy alleges:
“JIMMY LUNDY and BILLY REX GOODSON ... did intentionally cause the death of Wanda Lundy, by striking her with a vehicle, pursuant to a contract, to-wit: Jimmy Lundy co-signed a personal loan with Billy Rex Goodson at the Citizen’s Bank of Winfield and Billy Rex Goodson received the proceeds from said loan....”
The indictment alleges that Lundy cosigned a promissory note as surety and that the loan was between the bank and Goodson. See Gavin v. Hinrichs, 375 So.2d 1063 (Ala.1979). Therefore, the sub-0 stance of the indictment is that in exchange for Lundy’s being surety for the money borrowed from a bank by Goodson, Good-son killed Lundy’s wife.
The proof shows that Lundy and Good-son signed a $4,000 promissory note at a Winfield bank; that the loan was made by the bank to Goodson and the check was issued to and subsequently cashed by Goodson; and that Lundy only co-signed the note. Although the Court of Criminal Appeals misinterprets the indictment as stating that Lundy took out the loan and used the proceeds to pay Goodson to kill his wife, this is not the basis of its “material variance” holding.
In its opinion, the Court of Criminal Appeals states that a material variance existed in that the indictment alleged that the loan was made from Citizen’s Bank of Win-field but the evidence showed it was made from Winfield State Bank. The court reasoned that the only connection between Lundy and Goodson was the note executed at Winfield State Bank, and that Lundy had business at both banks. Thus, citing Ex parte Hightower, 443 So.2d 1272 (Ala.1983); Pittman v. State, 460 So.2d 232 (Ala.Crim.App.1984), writ quashed, 466 So. 2d 951 (Ala.1985); and Airhart v. State, 388 So.2d 211 (Ala.Crim.App.1979), writ quashed, 388 So.2d 213 (Ala.1980), the Court of Criminal Appeals determined the existence of a material variance.
We reverse the judgment of the Court of Criminal Appeals on the authority of Ex parte Randle, 510 So.2d 843 (Ala.1987). See, also, House v. State, 380 So.2d 940 (Ala.1979). In Randle, we held that a material variance did not exist between Ran-dle’s indictment for escape and proof offered by the State at trial. The indictment referred to a state technical school from which Randle escaped as a “penal” facility. In fact, Randle was at all times in custody, and the misidentification of the state technical school as a “penal” facility was not a material allegation.
Likewise, in the instant case, the fact that Lundy had business transactions at *324 both banks does not mean that the bank’s identity is material; thus, proof that the subject note was signed at a bank different from the bank identified in the indictment does not constitute a material variance. The gravamen, or substance, of the charged offense is that Lundy and Goodson entered into a contract whereby, in consideration of Goodson’s agreement to kill Lun-dy’s wife, Lundy agreed to co-sign Good-son’s bank note as surety. While the requisite elements of proof under this indictment include the existence of a contract for hire to kill, the identity of the institution with which the financial arrangement was made is not one of those elements.
Compliance with the due process mandate of notice does not require that the defendant be furnished the name of the bank where he co-signed the note. Thus, the inclusion of the name of the bank within the language of the indictment is sur-plusage. Because the identification of the bank was not a material allegation, proof of the correct name of the bank did not constitute a material variance.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, SHORES, BEATTY, HOUSTON and STEAGALL, JJ., concur.