THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
JAMES D. FOSTER, Defendant-Appellee.

Second District   No. 2—87—0836

Opinion filed May 26, 1988.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

JUSTICE INGLIS delivered the opinion of the court:

The State has appealed contending that the trial judge erred in suppressing the results of a breathalyzer test. We reverse.

Defendant was arrested for driving while under the influence of alcohol in violation of sections 11—501(a)(1) and (a)(2) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—501(a)(1), (a)(2)). Defendant has not responded to the State's brief in this court. We will therefore consider the only issue presented under the standards set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

On January 27, 1987, defendant filed a motion to suppress the results of a breathalyzer test, arguing that since his arrest was on private property, he should not have been read the warning to motorist, and the fact that he was given that warning rendered the test involuntary.

At the hearing on the motion, defendant testified on direct examination that on September 12, 1986, he was on a private access road that ran between West Avenue and Route 83, across the property of the Elmhurst-Chicago Stone Company in Elmhurst, Illinois. Defendant is employed by Elmhurst-Chicago Stone Company.

Defendant was involved in a vehicular collision on that road and was taken by the Elmhurst police to the police station. He was given certain warnings, including the statement that if he did not take the breathalyzer test, his driver's license would be suspended for six months. He stated that he would not have taken the test if he had not been given the warnings.

On cross-examination, defendant testified that the collision had taken place at about 9:35 p.m. on September 12, 1987. Just prior to the accident defendant had been at a restaurant and had travelled on West Avenue, a public highway, to get from the restaurant to the stone quarry property. The accident occurred immediately after the defendant had proceeded to the access road. The private road has only two entrance and exit points, Route 83 and West Avenue. Defendant took the breathalyzer after the warnings were read to him. On redirect examination, defense counsel asked defendant if he had been drinking on the property. Defendant responded that in fact he

had been drinking at "Leo's," the restaurant he had mentioned earlier.

The State called Paul Carney, a police officer for the City of Elmhurst. At 9:34 p.m. on September 12, 1987, he was dispatched to the scene of an accident on the access road to the stone quarry, between Route 83 and West Avenue.

Upon arriving at the scene, Officer Carney observed two vehicles, a blue Oldsmobile and a white pickup truck. Defendant's vehicle was on the north side of the road, and the other vehicle was on the south side of the road about 150 yards east of defendant's vehicle. The officer stated that the road on which he observed the vehicles is private property. The officer testified that there are only two means of access to this private road, one from Route 83 and one from West Avenue.

Officer Carney had a conversation with defendant within a minute or two of arriving at the scene. Defendant told the officer that the blue Oldsmobile was his (defendant's) and that he was driving westbound on the road when the truck swerved and hit his car. Defendant was arrested for DUI at the scene and was transported to the Elmhurst police department.

At the police station, defendant was read the warnings to motorist and was asked to take a breathalyzer test. Defendant agreed to take the test and was tested at about 10:52 p.m.

On cross-examination, the officer was asked to "guess" the length of the private road, the distance from Route 83 to West Avenue. The officer guessed 250 yards, 750 feet. Defendant's car was headed toward Route 83 and was about 50 feet from the entrance when the accident occurred. The officer testified that the property is a stone quarry and that in terms of access to the road in question, there might be other roads that come up from the quarry and someone on the property could pull onto the road from the side of the road. The property belongs to Elmhurst-Chicago Stone Company, and the officer believed that defendant was employed by that company. The officer did not see the defendant drive on a State highway.

Defense counsel argued that the arrest was made on private property, that the officer knew of no nexus to driving on a public highway, and that the summary suspension procedures for DUI apply only when the arrest is for DUI on a public highway. He further argued that the warnings to motorist read to the defendant by the police coerced the defendant into taking the breathalyzer. He concluded that because the test was not voluntarily taken, its results must be suppressed.

The State argued that it was a reasonable conclusion for the offi-

cer to draw from the circumstances surrounding the arrest that defendant had driven on a public highway and that he had been under the influence of alcohol when he did so. The State also argued that section 11—501.2 of the Code sets forth the requirements for the admissibility of a breathalyzer test and observed that arrest on a public highway was not one of those requirements. Finally, the State argued that voluntariness is not a relevant requirement for physical evidence such as breathalyzer evidence because coercion would not affect the validity of the test.

The court then continued the case until the next day for a ruling. On August 4, 1987, the court recounted the evidence presented the day before, considered the case law and the language of the statute, and concluded that defendant's motion to suppress should be granted. The court believed there was insufficient nexus for the officer to believe defendant was driving on a public highway and that therefore defendant should not have been read the warning to motorist. Having been read the warning, the court found that defendant did not voluntarily consent to taking the test. Based upon this analysis, the trial court suppressed the evidence of the breathalyzer result.

On October 20, 1987, the trial court granted defendant's petition to rescind the summary suspension upon the finding that defendant's driving was on private property.

The State's notice of appeal from the trial court's order granting the motion to suppress was timely filed. The State's certificate of impairment was also properly filed.

In the instant case, the trial court focused on whether the police officer, at the time of the arrest, had knowledge that defendant had driven on a public highway. The court stated: "[A]t the time the officer made the arrest, there has been no testimony that the officer knew the Defendant had driven on a public highway." The trial court then went on to state that it did not believe that there was the nexus between the driving on the public highway that was discussed in *People v. Kissel* (1986), 150 Ill. App. 3d 283. We are of the opinion that the trial court misapprehended our decision in *Kissel* and section 11—501.1 of the Code.

Section 11—501.1(a) of the Code provides in pertinent part:

"Any person who drives or is in actual physical control of a motor vehicle upon the public highways of this State shall be deemed to have given consent *** to a chemical test or tests of blood, breath, or urine for the purpose of determining the alcohol, other drug, or combination thereof content of such person's blood if arrested, as evidenced by the issuance of a Uni-

form Traffic Ticket, for any offense as defined in Section 11—501 or a similar provision of a local ordinance." Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(a).

In *Kissel*, we concluded that the implied consent statute required a nexus between driving upon a public highway at the time of or shortly before defendant's arrest and being subjected to the implied consent provision of section 11—501.1. (*Kissel*, 150 Ill. App. 3d at 285.) The applicable rule was set forth in *Kissel*:

"Where there is evidence that a person drove or was in control of a vehicle upon a public highway while under the influence of alcohol or other drug, as required by the statute, he will be deemed to have consented to testing under the statute whether actually arrested on the highway or on private property." (150 Ill. App. 3d at 286-87.)

In *Kissel*, we affirmed the findings that defendants had not driven on public highways in cases where there was no evidence presented that defendants had driven on public highways. More recently, in *People v. Wingren* (1988), 167 Ill. App. 3d 313, we found that the implied consent statute applied even though the arresting officer in that case had not seen the defendant drive on the public highway. From *Wingren*, it is evident that as in any other case an ultimate fact (*i.e.*, driving on a public highway) may be proved through circumstantial evidence. We further note that under the statute, while there must be a valid arrest for a violation of section 11—501, there is no requirement that a police officer have probable cause to believe that defendant was driving on a public highway. (See Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1.) Section 11—501 of the Vehicle Code does not limit itself to individuals driving on public highways. (See *Kissel*, 150 Ill. App. 3d at 286.) Consequently, section 11—501.1, which requires an arrest for any violation described in section 11—501, requires only that a police officer have probable cause to believe that defendant was operating a vehicle while under the influence of alcohol. Thus, when a trial court is conducting an implied consent hearing it must first determine whether there was probable cause to arrest the defendant for a violation under section 11—501 of the Vehicle Code and second whether the defendant actually drove on a public highway at or near the time to his arrest. The trial court therefore erred in focusing on whether the arresting officer knew that defendant had driven on a public highway.

In the instant case, defendant conceded that there was probable cause for an arrest under section 11—501. Thus, the only remaining issue was whether defendant had driven on a public highway at or

near the time of his arrest. On this question the evidence was clear. On cross-examination, defendant testified as follows:

"Q. Where had you been just prior to the accident?

A. Up at a restaurant.

Q. And was it from that location that you proceeded to the stone quarry private property?

A. Yes.

Q. Did you take a public highway to get to that location?

A. Yes, West Avenue."

It is thus evident that the ruling of the trial court was against the manifest weight of the evidence. It is also evident that this case is distinguishable from the outcome in *Kissel* because in that case there was no evidence that defendants had operated their vehicles on a public highway at or near to the time of their arrests.

Even had defendant not admitted that he had driven on a public highway prior to his arrest, we would be compelled to remand in order to allow the trial court to make a factual determination as to whether defendant had driven on a public highway. Defendant was arrested on a private road that had only two access points, both of which were public highways. Furthermore, the private grounds that defendant was arrested on contained a quarry, a place where one would not ordinarily go to drink. Under such circumstances an inference, while not required, could easily be drawn by the trial court that defendant consumed alcohol at some other location and then drove to the quarry. Such an inference would be sufficient to support a conclusion that the defendant had driven on a public highway and thereby triggered the implied consent provision of section 11—501.1.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LINDBERG, P.J., and DUNN, J., concur.