THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. NORMAN BAILEY, Defendant-Appellee.

Fifth District    No. 5—92—0475

Opinion filed April 23, 1993.

William Haine, State's Attorney, of Edwardsville (Norbert J. Goetten, Stephen E. Norris, and Mary H. Doyle, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Ronald R. Slemer, of Edwardsville, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

Defendant, Norman Bailey, was arrested and charged with driving while under the influence of alcohol on May 1, 1992, after he allegedly backed up and hit another car in a municipal parking lot in Edwardsville. Defendant refused to submit to a breathalyzer test after he was given the "Warning to Motorists" and he was served with a notice of statutory summary suspension. On May 4, 1992, defendant filed a petition seeking a hearing to rescind the statutory summary suspension of his privilege to drive. At the May 28, 1992, hearing, the trial court held that a parking lot, whether public or private, is not a highway for the purposes of statutory summary suspension and ordered rescission of defendant's statutory summary suspension. The State's motion to reconsider was denied. The State appeals, contending that the trial court erred in holding that as a matter of law there can be no statutory summary suspension of a defendant's privilege to drive stemming from the act of driving while intoxicated on a parking lot in the State of Illinois. We reverse and remand.

Any person who drives or is in actual physical control of a motor vehicle upon the public highways of the State of Illinois is deemed to have given implied consent to the testing of his blood, breath, or urine to determine the alcohol content thereof. (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501.1(a).) If a person refuses to submit to such testing after being warned that refusal to submit to the test will result in the statutory summary suspension of his privilege to drive, that person's privilege to operate a motor vehicle will be suspended for a period of six months. Ill. Rev. Stat. 1991, ch. 95½, par. 11—501.1(c).

■ The implied consent statute requires a nexus between driving on a public highway at the time of or shortly before the arrest and being subjected to the implied consent provision of the Illinois Vehicle Code. (*People v. Foster* (1988), 170 Ill. App. 3d 306, 310, 524 N.E.2d 681, 684.) The Illinois Vehicle Code defines "highway" as:

> "The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." Ill. Rev. Stat. 1991, ch. 95½, par. 1—126.

The implied consent statute reflects the concern of the legislature over the threat to the public imposed by drivers impaired by alcohol or other drugs and serves to deter and remove problem drivers from the highways, thus making the highways safer. (*Koss v. Slater* (1987), 116 Ill. 2d 389, 395, 507 N.E.2d 826, 829.) The implied consent statute assists in the determination of which drivers suspected of intoxication are in fact under the influence of alcohol. Because the implied consent statute is remedial in nature, the supreme court has held that it should be liberally construed to accomplish this goal. *People v. Wegielnik* (1992), 152 Ill. 2d 418, 425, 605 N.E.2d 487, 490.

The defendant asserts that the language of the implied consent statute makes it applicable solely to acts of drunken driving which occur upon public highways. He argues that the locus of the incident in the case at bar was a municipal parking lot, not a highway. Therefore, defendant contends that the implied consent statute would not apply to his act of drunken driving, and the rescission of his statutory summary suspension was proper. The State maintains that a municipal parking lot, maintained and posted by the municipality, is an area which falls within the statutory definition of "highway" and, therefore, is encompassed by the implied consent statute.

When construing a statute, the court must look first to the language of the statute, giving the terms of the statute their plain and ordinary meaning. (*Trinity Bible Baptist Church v. Federal Kemper Insurance Co.* (1991), 219 Ill. App. 3d 156, 160, 578 N.E.2d 1375, 1377.) The language of section 11–501 of the Illinois Vehicle Code (the Code), which addresses driving under the influence of alcohol, applies to drivers of any vehicle within the State and is not limited to the public highways. (Ill. Rev. Stat. 1991, ch. 95½, par. 11–501.) It has been found applicable to those who drive under the influence of alcohol on private as well as public property. (See *People v. Foster* (1988), 170 Ill. App. 3d 306, 310, 524 N.E.2d 681, 684.) Although the implied consent statute had similarly broad language prior to its amendment in 1982, after that amendment, the language of the implied consent statute restricted the implied consent provisions to those who drive or who are in actual control of the vehicle upon the public highways. The courts have held that the implied consent provisions of the Code do not apply to those impaired drivers observed operating a vehicle in a private parking lot. See *People v. Montelongo* (1987), 152 Ill. App. 3d 518, 523, 504 N.E.2d 936, 938; *People v. Kissel* (1986), 150 Ill. App. 3d 283, 286, 501 N.E.2d 963, 965.

The parking lot, in which the defendant allegedly backed into another car, was a municipal parking lot, maintained by the municipality

and posted with municipal parking lot signs. In *People v. Jensen* (1976), 37 Ill. App. 3d 1010, 1013, 347 N.E.2d 371, 374, the court found that a publicly maintained parking lot was a locus which fell within the statutory definition for "highway" for the purposes of a prosecution for driving on a suspended license.

The defendant in *Jensen* was observed by a Cook County Forest Preserve District ranger as he got into his car, started it, and drove about 10 feet, progressing to the "roadway." On discovering that the defendant had no driver's license, the ranger arrested him for driving a vehicle on a public highway of Illinois while his license was suspended or revoked. The record did not reveal whether the "roadway" was part of the parking lot. The court relied upon *Ebert v. Incorporated Village of Garden City* (1960), 21 Misc. 2d 607, 608, 196 N.Y.S.2d 878, 880, in finding that a publicly maintained parking lot was a highway for the purpose of the statute. The *Ebert* case found: "While a municipal parking field is, as the word 'parking' implies, primarily a place where vehicles are left stationary and unattended, it is essential for the use for which it is provided that both cars and pedestrians have passageway on and through it." (*Ebert*, 21 Misc. 2d at 608, 196 N.Y.S.2d at 880.) The *Jensen* court noted that the Illinois statute defining the word "highway" adopts a broad definition of the word. It went on to state:

> "This is not a case in which literal interpretation of the language of the statute would lead to absurd results which the legislature could not have contemplated. The prospect of people driving in publicly-maintained parking lots with suspended licenses could be as offensive as their driving on a fast-moving expressway. The purpose of prohibiting persons from driving with a suspended license was clearly to prevent them from driving a car any place maintained by the public for the passage of traffic. We, therefore, hold that the defendant was driving on a highway with a suspended license [when he drove on a publicly maintained parking lot]." *Jensen*, 37 Ill. App. 3d at 1013, 347 N.E.2d at 374.

■ Although the *Jensen* court was interpreting the statutory definition of "highway" for the purposes of a prosecution for driving with a suspended license, that interpretation of the statute is equally apposite for the application of the implied consent statute. The municipal parking lot in the case at bar, publicly maintained and posted by the municipality, was open to the use of the public for the use of vehicular travel and thus fell within the statutory definition of highway.

Defendant's act of driving while intoxicated on this municipal parking lot was one which fell within the implied consent statute.

We note that the trial judge indicated in his struggle with defining "highway": "Roads are dedicated. They can be vacated." However, roads through forest preserves, fairgrounds, and city parks are not necessarily dedicated. Surely, the legislature did not intend to allow intoxicated persons to drive through our parks or fairgrounds without fear of a statutory summary suspension simply because the "way" was not dedicated. The statutory language defining "highway" in the Illinois Vehicle Code (Ill. Rev. Stat. 1991, ch. 95½, par. 1—126) is much broader than the language used in the Illinois Highway Code defining "highway." Ill. Rev. Stat. 1991, ch. 121, par. 2—202.

The trial court, therefore, erred in granting defendant rescission of his statutory summary suspension as a matter of law. The judgment of the trial court is reversed, and this cause is remanded to the circuit court of Madison County for further proceedings not inconsistent with the opinion of this court.

Reversed and remanded.

CHAPMAN, P.J., and WELCH, J., concur.