COBB, Judge.
The appellant, Ricky Ray Adamson, was convicted of driving under the influence in violation of §§ 32-5A-191(a)(2) and 32-5A-191(h), Ala.Code 1975. Adamson was sentenced to eight years in prison pursuant to the Habitual Felony Offender Act (“HFOA”), § 13A-5-9, Ala.Code 1975. In addition, Adamson was ordered to pay a $5,000.00 fíne, $1,000.00 to the Alabama Crime Victim’s Compensation Commission and court costs, and he was ordered to complete a substance abuse program.
On February 26, 1996 Alabama State Trooper Kenneth Reynolds responded to the scene of an accident on County Road 45 in Russell County. When Trooper Reynolds arrived on the scene he noticed that a red Jeep sport utility vehicle had driven through a barbwire fence and he saw Ricky Ray Adamson standing next to the vehicle. An initial investigation into the cause of the accident revealed that Adamson had been driving the Jeep before the accident. While Trooper Reynolds was investigating the cause of the accident, he smelled a strong odor of alcoholic beverages coming from Adamson. When asked if he had been drinking, Adamson *1287 responded that he had been up late with friends and that he had been drinking all night.
At that point, Trooper Reynolds asked Adamson to perform two field sobriety tests. Adamson failed both tests and was subsequently placed under arrest for driving under the influence. After he was arrested, Adamson was transported to the Russell County Sheriffs Department where he was given a breathalyzer examination. There, Officer William Alexander conducted two breathalyzer tests on Adamson. The first test indicated that Adamson had a .143 blood alcohol level and the second test registered Adamson’s blood alcohol level at .147. Based on Adamson’s level of intoxication and his pri- or DUI convictions, he was indicted for committing a felony DUI offense.
I.
On appeal, Adamson contends that he was denied a fair trial because the trial court allowed the State to read to the jury his three prior DUI convictions. This issue has not been properly preserved for review. After the prior convictions were admitted into evidence, the State rested its case and Adamson moved for a judgment of acquittal. As grounds for the motion Adamson argued that the State failed to make a prima facie case of DUI because, he says, it did not prove that he was actually operating the vehicle while he was under the influence. Adamson never objected to the introduction of evidence of his prior DUI convictions.[1]
The Court of Criminal Appeals cannot consider matters that have not been first presented to the trial court. Trawick v. State, 481 So.2d 574 (Ala.Cr.App.1983). Moreover, this Court has held that the trial court cannot be placed in error for grounds not assigned at trial. Boyd v. State, 699 So.2d 967, 973 (Ala.Cr.App.1997) (citing Ex parte Frith, 526 So.2d 880, 882 (Ala.1987)). “[Requiring timely objections allows the trial court to develop a full record on the issue, consider the matter, and correct any error before substantial resources are wasted on appeal and then in an unnecessary retrial.” Thomas v. State, [Ms. CR-96-0876, December 30, 1999], — So.2d - (Ala.Cr.App.1999). Thus, because Adamson failed to make a timely objection at trial, we cannot review this issue on appeal.
II.
Adamson also contends that he was denied a fair trial because, he says, the trial court erred in overruling his objection to testimony regarding his consent to submit to the breathalyzer exam. Before the test was administered, Officer Alexander informed Adamson that under Alabama’s implied consent statute, his driver’s license would be suspended if he did not take the test. Adamson objected to the testimony regarding the reading of the implied consent statute because he contends that there was no evidence presented that he had been driving the Jeep. This argument is without merit. Before the implied consent statute can be applied in a case, there must be evidence that a defendant has “operatefd] a motor vehicle upon public highways.” See § 32-5-192(a), Ala.Code 1975; Lunceford v. City of Northport, 555 So.2d 246, 248 (Ala.Cr.App.1988).
In the present case, Adamson admitted to Trooper Reynolds that he was driving the vehicle when it went through the fence. On cross-examination of Trooper Reynolds the following colloquy took place:
“Q: Did Mr. Adamson tell you he was the driver of the vehicle or did you just ask him who was driving?
*1288 “A: I asked him who was driving and at first he said that he was the driver of the vehicle. Then later on he changed his story that he had a friend in the vehicle with him. I guess after he figured that he was going to be arrested for DUI, he changed his story.
“Q: But at first he told you he was the driver?
“A: Yes, sir.
“Q: Do you have any other reason to not believe him on that?
“A: No, sure don’t.”
(R. 37). Based on Adamson’s admission that he was driving, Officer Alexander had the authority, under the implied consent statute, to subject Adamson to the breathalyzer exam. The fact that Adamson was ultimately discovered and detained on private property does not render the implied consent statute inapplicable. See Lunceford, 555 So.2d at 249. Based on the foregoing, the trial court properly overruled Adamson’s objection.
III.
The sentencing order indicates that the trial court sentenced Adamson pursuant to the Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975. (C. 61.) Because Adamson was indicted and convicted of a felony DUI under § 32-5A-191(h), Ala.Code 1975, he should have been sentenced pursuant to the sentencing provisions of that statute. Section 32-5A-191(h) specifically prohibits the application of the Habitual Felony Offender Act to Felony DUI offenders:
“On a fourth or subsequent conviction, a person convicted of violating this section shall be guilty of a Class C felony and punished by a fine of not less than four thousand one hundred dollars ($4,100) nor more than ten thousand one hundred dollars ($10,100) and by imprisonment of not less than one year and one day nor more than 10 years....
“Any law to the contrary notwithstanding, the Alabama habitual felony offender law shall not apply to a conviction of a felony pursuant to this subsection, and a conviction of a felony pursuant to this subsection shall not be a felony conviction for purposes of the enhancement of punishment pursuant to Alabama’s habitual felony offender law.”
See § 32-5A-191(h), Ala.Code 1975 (emphasis added); State v. Brooks, 701 So.2d 56, 57 (Ala.Cr.App.1996) (the court has a duty to give effect to legislative intent expressed in the clear language of a statute). We note that the sentence imposed was within the range of punishments set out in § 32-5A-191(h):
“SENTENCING ORDER
“The defendant and counsel, and counsel for the State of Alabama appeared in open court for the defendant to be sentenced on his conviction of Felony DUI.
“HABITUAL FELONY OFFENDER

“The defendant is sentenced as a habitual offender under the provision of 13A-5-9 and 10 of the Code of Alabama.

“SENTENCE
“A pre-sentence report was requested by the defendant and considered by the Court.
“The defendant is sentenced to the custody of the Commissioner of the Department of Corrections for a period of 8 year(s).
“The defendant shall be given credit for time served.
“The defendant shall pay a fíne in the amount of $5,000.00.
“The defendant shall pay the cost of this case.
“The defendant shall pay the Alabama Crime Victims Compensation Commission the sum of $1,000.00.
“The defendant shall complete a substance abuse program.
*1289 “The payment of court ordered monies shall be a condition of parole, early release, S.I.R., or work release.
“The defendant was advised that he has the right to appeal his conviction and sentence, and if declared indigent he has the right to appointed counsel and the court reporter’s transcript will be provided without cost to the defendant.”
(C. 61.)
In its sentencing order, the trial court clearly applied the Habitual Felony Offender Act in sentencing Adamson, and by doing so it committed error. Therefore, we must remand this case to the trial court in order for the trial court to resentence Adamson pursuant to the provisions of § 32-5A-191(h), Ala.Code 1975. See Ex parte McCree, 554 So.2d 336 (Ala.1988) (the trial court was without authority to sentence the defendant under an enhancement statute which, by its terms, could not be invoked). Due return shall be made to this court within 30 days.
REMANDED WITH INSTRUCTIONS.*
LONG, P.J., and McMILLAN, BASCHAB, and FRY, JJ., concur.

. In Ex parte Formby, 750 So.2d 587 (Ala.1999), the Alabama Supreme Court held that during the guilt phase of a § 32-5A-191(h) DUI case, the jury should not be presented with evidence of the defendant’s prior DUI convictions. See also Ex parte Parker, 740 So.2d 432 (Ala.1999). However, nothing in the holdings of Ex parte Formby or Ex parte Parlcer can be construed as eliminating the need for an objection when prior DUI convictions are introduced in error during the guilt phase.

 Note from the reporter of decisions: On August 18, 2000, on return to remand, the Court of Criminal Appeals affirmed, without opinion.