WISE, Judge,
dissenting.
I respectfully dissent from the majority’s decision affirming, by unpublished memorandum, Hinson’s conviction for driving while under the influence of alcohol (“DUI”). Under the circumstances of this case, I question whether Hinson could be convicted of DUI, because the evidence was undisputed that Hinson’s “control” over his vehicle was limited to backing down his driveway and then driving back up the driveway to his mobile home after he saw a marked patrol car.
The evidence established that Houston County Sheriffs Deputy Gerald Hatcher was patrolling the Triple J Trailer Park when he saw Hinson back down a driveway in a white Dodge Caravan minivan. Although Deputy Hatcher stopped to allow the vehicle to proceed into the street, Hin-son instead proceeded back up the driveway, got out of the van, and went inside the house. At no time did Hatcher observe Hinson drive in an unsafe manner. Nevertheless, Hinson’s conduct aroused Hatcher’s suspicions, so he drove around the trailer park and circled back by Hin-son’s home. As he drove past Hinson’s home a second time, Hatcher saw Hinson get in the passenger seat of the van and a woman get into the driver’s seat. The woman then backed the van down the driveway and pulled onto the road in front of the Hinson residence. Hatcher decided to follow. Moments later, Hatcher observed the vehicle cross over the center line of the roadway twice and he executed a traffic stop. Hinson exited the van from the passenger’s seat and approached Hatcher’s patrol car. Because the smell of alcoholic beverages was coming from Hin-son, Hatcher had Hinson perform several field-sobriety tests. After Hinson was unable to perform the tests, Hatcher placed him under arrest for DUI. The woman driving the van at the time of the traffic stop was not asked to perform any field-sobriety tests and was not charged with any offense.
Given that the only time Hatcher saw Hinson “driving” was in the driveway to his mobile home, I am troubled by Hin-son’s arrest for DUI. I do not disagree with the majority’s holding that an individual need not be actually driving a vehicle in order to be guilty of DUI, citing Adams v. State, 585 So.2d 161 (Ala.1991). The Adams decision, however, is factually distinguishable from this case. In Adams, a state trooper found the defendant — alone and unresponsive — stretched out across the front seat of a vehicle parked on the shoulder of the southbound lane of Interstate 85 in Montgomery County. After the trooper roused the defendant and told *487 her that she needed to “move along,” the trooper watched the defendant right herself and pull the vehicle out into traffic. After observing the defendant’s erratic driving, the trooper stopped the defendant and arrested her for DUI. Rejecting a claim that the defendant had been entrapped into committing the offense, the Alabama Supreme Court held that it was not necessary that an individual actually be driving in order to be convicted of DUI; all that was necessary was that the individual be in actual physical control of an operable vehicle. 585 So.2d at 163-64. Given the location of the vehicle in Adams, the defendant had to have driven the vehicle on a public highway to arrive at the place where she was discovered by the state trooper.
By contrast, Hinson was observed on his private property, backing down his driveway. When Hinson spotted Deputy Hatcher’s patrol car, he pulled back up the driveway, got out of his vehicle, and went inside — returning moments later with a female companion to drive the vehicle. Section 32-5A-2, Ala.Code 1975, states, in pertinent part:
“The provisions of this chapter relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except:
[[Image here]]
“(2) The provisions of ... Sections 32-5A-190 through 32-5A-195 shall apply upon highways and elsewhere throughout the state.”
I believe that the facts of this case are closer to those in Lunceford v. City of Northport, 555 So.2d 246 (Ala.Crim.App.1988), than those in Adams v. State. In Lunceford, the defendant was convicted of DUI after being observed sitting in a vehicle parked in the private parking lot of a shopping center. This Court upheld Lunceford’s DUI conviction, noting that the language of § 32-5A-2(2), Ala.Code 1975, meant that “[t]he offense of driving under the influence (DUI) as defined by Alabama Code 1975, § 32-5A-191, applies ‘upon highways and elsewhere throughout the state.’ ” 555 So.2d at 247 (emphasis in original). However, Lunceford, is also distinguishable from the present case because although Lunceford was discovered in actual physical control of a vehicle parked on private property — i.e., a shopping center’s parking lot — the property did not belong to Lunceford. Accordingly, I am not convinced that this Court’s holding in Lunce-ford permits law-enforcement authorities to charge an individual with DUI if that individual never leaves his own property— particularly if the property in question is the individual’s residence. Indeed, allowing an individual to be charged with DUI for conduct occurring exclusively on that individual’s private property may well raise significant Fourth Amendment concerns.[1] Although I do not condone driving while under the influence of alcohol, it seems that Hinson, upon seeing Deputy Hatcher, did exactly what public policy should encourage — he refrained from driving while under the influence of alcohol, *488 and instead, sought a “designated driver.” Accordingly, I must respectfully dissent.

. My research has failed to locate any Alabama caselaw addressing the specific facts of this case; namely, whether an individual may be convicted of DUI for conduct occurring exclusively on that individual’s private property. Moreover, the decisions of this Court and the Alabama Supreme Court are somewhat inconsistent when addressing the applicability of the rules of tire road to conduct occurring on private property. See, e.g., Dale v. Kelly, 620 So.2d 632 (Ala.1993); Ex parte Love, 513 So.2d 24 (Ala.1987); Brown v. State, 893 So.2d 1274 (Ala.Crim.App.2004); Barnett v. State, 671 So.2d 135 (Ala.Crim.App.1995); Lunceford, supra. Although the language of § 32-5A-2, Ala.Code 1975, contributes to this confusion, I would urge the Alabama Supreme Court to clarify this matter.