THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellant, v. BLAINE H. KLOKE, Petitioner-Appellee.

Third District   No. 3—89—0371

Opinion filed January 10, 1990.

Marc Bernabei, State's Attorney, of Princeton (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

David M. Kaleel, of Mendota, for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The petitioner, Blaine H. Kloke, filed a petition to rescind the statutory summary suspension of his driver's license (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1). The trial court granted the petition. The State appeals.

At the hearing on the petition to rescind, police officer Michael Miroux testified that on May 14, 1989, at 2:12 a.m., he noticed a car in the Green River Country Club parking lot. After he walked up to investigate, he saw the petitioner sleeping behind the wheel of the car. He woke the petitioner by knocking on the window. The petitioner said that he had been in Normandy, Illinois, earlier, and that he had been parked in the country club parking lot for about half an hour. He did not say whether he had driven the car there. Miroux

stated that the only access to the parking lot was Route 92, which ran to Normandy.

Officer Miroux further testified that after asking the petitioner to exit the car, he searched the vehicle and found the car keys on top of the sun visor. He then gave the petitioner the standard motorist's warning (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(c)). The traffic citation indicated that the petitioner agreed to take a breathalyzer test and registered a .17 breath-alcohol content.

Donald Parks testified that he and the petitioner had planned on golfing at the Green River Country Club at 7 a.m. on the day of the incident. Dean Alstrand testified that he and his wife had gone drinking with the petitioner on the night of the incident. Around 1 a.m., the three drove to Normandy. Alstrand stated that he drove the petitioner's vehicle, with the petitioner riding in the passenger seat and Alstrand's wife following in their vehicle. After they arrived in Normandy, Alstrand decided that the petitioner was too tired to drive home. He offered to drive him home, but the petitioner asked to be driven to the Green River Country Club. After driving the petitioner's car to the country club parking lot, Alstrand placed the car keys on the sun visor and went home.

The petitioner also testified that Alstrand had driven him to the country club parking lot. He stated that he had asked to be driven there because he planned on meeting Parks to go golfing at 7 a.m. According to the petitioner, after Officer Miroux woke him, he told the officer that he had not driven to the parking lot.

Following the close of the petitioner's case, the State moved for a directed finding on the motion to rescind. The trial court denied the motion. The State then recalled Officer Miroux, who testified that the petitioner had said that he had come directly from Normandy, but did not say whether he had driven from there. Miroux admitted that he had not seen the petitioner drive his vehicle that night.

After the close of the evidence, the trial court denied the petition to rescind. The petitioner then filed a motion to vacate the denial. At the hearing on the motion, the court stated that it did not believe the petitioner or his witnesses. Despite this finding, the court further found that there was insufficient direct or circumstantial evidence proving that the petitioner had operated his vehicle on a public highway. Accordingly, it granted the motion to vacate and rescinded the summary suspension.

On appeal, the State notes that the petitioner had the burden of presenting a *prima facie* case establishing a right to rescission. (*People v. Orth* (1988), 124 Ill. 2d 326, 530 N.E.2d 210.) The State con-

tends that the petitioner failed to meet his burden of proof.

■ Section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 1—100 *et seq.*) states that a person must first drive on the public highways of the State to be subject to the summary suspension provisions. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(a).) The petitioner presented testimony that he had not driven his vehicle to the parking lot. Moreover, when he was discovered, he was sleeping in his vehicle and his car keys were on top of the sun visor. For these reasons, we find that the petitioner presented a *prima facie* case establishing that he had not driven on the public highways.

■ The State also argues that the trial court erred in rescinding the suspension, because the court was under the mistaken belief that direct evidence of driving was required for the summary suspension law to apply. The State contends that driving on the public highways may be proved by circumstantial evidence and that it was so proved in this case.

We disagree with the State's interpretation of the court's comments. We read its comments not to mean that direct evidence of driving was required, but that the evidence as a whole failed to establish that the petitioner had driven on the public highways. Moreover, although driving on a public highway may be proved by circumstantial evidence, such evidence must show that the petitioner was driving at the time of his arrest or shortly before. (*People v. Foster* (1988), 170 Ill. App. 3d 306, 524 N.E.2d 681.) As we have already noted, the petitioner presented evidence tending to establish that he did not drive to the parking lot. The State presented little evidence suggesting that the petitioner was driving before his arrest. Accordingly, we find that the trial court did not err in rescinding the summary suspension.

The judgment of the circuit court of Bureau County is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.